TRAVELERS INDEMNITY COMPANY, Appellant,

v.

EQUIPMENT RENTAL COMPANY, Appellee.

No. 13691.

Court of Civil Appeals of Texas.

Houston.

April 13, 1961.

Rehearing Denied May 11, 1961.

Baker, Botts, Andrews & Shepherd, Finis E. Cowan, Jr., Houston, for appellant.

Louis W. Graves, Jr., Houston, for appellee.

COLEMAN, Justice.

Plaintiff, Equipment Rental Company, brought suit against defendant, The Travelers Indemnity Company, for the loss it had sustained by reason of damage to a crane, contending that defendant was liable by reason of a contract of insurance. Trial was to a jury, but the case was withdrawn from the jury by the court and judgment rendered for plaintiff.

Defendant appeals on three Points of error, the first of which reads: "The trial court erred in overruling Travelers' motion for instructed verdict because Equipment Rental Company never was legally obligated to pay damages to the Lummus Company."

Plaintiff contracted with the Lummus Company to furnish certain heavy equipment for use on a job Lummus was performing for Petroleum Chemicals, Inc. The contract provided that:

"At all times during the performance of this contract the Sub-contractor shall maintain the following insurance in companies and on terms and conditions satisfactory to The Lummus Company and the Customer.

\* \* \* \* \* \*

"(d) Property Damage Legal Liability Insurance with a limit of $500,000 for any one accident with respect to the operations Sub-contractor performs away from and/or at the jobsite. This insurance is to cover the property of the public including the property of The Lummus Company and the Customer."

Plaintiff appointed Comiskey Insurance Agency Agent of Record to handle all insurance matters pertaining to its business and notified defendant of this action. Plaintiff instructed Comiskey to procure a policy of insurance covering all of the requirements of the contract and furnished him a copy of the contract. In addition to the "Insurance Requirements" the contract contained this provision:

Indemnity:

"The Sub-contractor shall hold The Lummus Company and the Customer harmless for loss or damage from any causes whatsoever to property owned by or in the care, custody or control of the Sub-contractor, its agents, servants and employees."

The portions of the contract dealing with indemnity and insurance requirements were furnished defendant, who prepared a con-

tract of insurance and delivered copies of it to Lummus and plaintiff.

Endorsement 3985D, Coverage Z, to the policy, provided:

"Coverage Z—Contractual Property Damage Liability

"To pay on behalf of the insured all sums which the insured, by reason of the liability assumed by him under any written contract designated in the schedule below, shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident."

However, Coverage Z was limited by the provision of Exclusion (h), reading:

"This endorsement does not apply:

"(h) under Coverage Z, to injury to or destruction of (1) property owned or occupied by or rented to the insured, or (2) except with respect to liability under sidetrack agreements covered by this endorsement, property used by or in the care, custody or control of the insured or property as to which the insured for any purpose is exercising physical control."

Under the heading "Designation of Contracts" in this endorsement appear the words:

|  | Premium Bases | Rates | Advance Premiums |
|---|---|---|---|
| "As Per End. 3985C | (a) number Insured | | |
| Agreement With The Lummus | (b) Cost | (a) Per contract | |
| Company, Dated 10–16–57 Rated | | (b) Per $100 of Cost | |
| As: | | | Cov. Y   Cov. Z |
| Construction Agreements— | | Cov. Y   Cov. Z | |
| Indemnification Of | | | |
| Contractors (Not Railroads) | | | |
| Excluding Maritime | | | Min. |
| Operations        0557 | (B) if any | .0333 | 17.50" |

Endorsement 3985C bears the caption, "Designation of Contracts" "Insured Under Contractual Liability Coverage 3985B," and reads, in part,

"Agreement With The Lummus Company Reading:

"The Sub-Contractor Shall Hold The Lummus Company And The Customer Harmless For Loss Or Damage From Any Causes Whatsoever To Property Owned By Or In The Care, Custody Or Control Of The Sub-Contractor, Its Agents, Servants And Employees."

This contract of insurance was accepted by the Lummus Company and the equipment, was furnished to it by plaintiff. During the course of the work the Lummus Company ordered a certain crane from plain-tiff, which it did not have available. On or about December 31, 1957, Equipment Rental Company delivered to the job site at Maplewood, Louisiana, a No. 44, Lima crane, which plaintiff had rented from the Lee Corporation. The crane was damaged in an accident. At the time of the accident employees of the Lummus Company were directing and exercising complete control over the crane and the crane was in the care, custody, and control of the employees of the Lummus Company, and was not in the care, custody, and control of Equipment Rental Company. The sole proximate cause of the accident was the negligence of the employees of the Lummus Company.

Plaintiff removed the damaged crane from the job site, transported it to its yard in Houston, where it was repaired and

finally returned to the Lee Corporation. By its agreement with the Lee Corporation plaintiff was required to return the crane in as good condition as received and to pay rental until the crane was returned. Plaintiff billed Lummus Company for the cost of repairs and rental until repaired. Lummus refused to pay the bill. The defendant insurance company denied liability on the sole and only ground that the insurance policy provided no coverage for the loss.

■ The burden rests on plaintiff to show that his cause of action is founded upon a loss which falls within the coverage of the policy and which is not within the exclusion to the insured risks. Maryland Casualty Co. v. Hopper, Tex.Civ.App., 237 S.W.2d 411; American Casualty & Life Co. v. Butler, Tex.Civ.App., 215 S.W.2d 392, ref., n. r. e.

In the principal insuring agreement "Coverage B" provided that the company would "pay on behalf of the insured all sums which he shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident." On the same page of the policy it was provided that "this policy does not apply: * * * (h) under Coverage B, to injury to or destruction of (1) property owned or occupied by or rented to the insured * * *." Since it was stipulated by the parties that the damaged crane was rented to plaintiff, he has failed to bring himself within the coverage afforded by the policy unless he has brought himself within the coverage afforded by the contractual property damage liability clause heretofore quoted.

Plaintiff agreed to hold the Lummus Company harmless for loss or damage to property owned by or in the care, custody or control of plaintiff. This provision of the Lummus contract was incorporated into the insurance contract under Coverage Z. However, it was stipulated that the property was neither owned by plaintiff nor in its care, custody or control. Therefore, by the unambiguous terms of these provisions there was no liability on plaintiff under his "hold harmless" agreement with Lummus, and, it follows, no liability on defendant under the terms of Coverage Z.

■ Plaintiff contends that he was liable to Lummus under his agreement to maintain insurance. This agreement was to provide property damage legal liability insurance "with respect to the operations Sub-Contractor performs" either away from or at the job site. There is no evidence that plaintiff was performing any sort of "operation" or work of any kind in connection with or near to the crane at the time of the accident or that anything plaintiff did had any connection with the accident other than the delivery of the rented crane to the job site which was completed prior to the accident. While the meaning of the contract provision relative to property liability insurance is not clear, the most reasonable construction is that plaintiff agreed to maintain insurance which would guarantee the payment of claims for damage to property made against plaintiff by anyone whose property was injured by plaintiff under such conditions as would impose on plaintiff legal liability for the resulting damage. There is no requirement that plaintiff maintain insurance protecting the Lummus Company for other than derivative liability, certainly not from liability caused by its own negligence. "It is well settled that a contract of indemnity will not be construed to indemnify the indemnitee against losses resulting to him through his own negligent acts, where such intention is not expressed in unequivocal terms." 27 Amer.Jur., § 15, p. 464.

■ In order to bring itself under "Coverage B" plaintiff had the burden of proving that it was legally obligated to pay damages because of injury to property caused by accident. If plaintiff was legally obligated to pay damages to Lummus, it was by reason of a breach of contract to maintain insurance in force, not because of injury to property. We conclude that under the undisputed evidence plaintiff's

loss falls within the exclusions to coverage clearly set out in the policy.

■ Plaintiff has suggested that the language of the policy does not express the true intent of the parties; that for all practical purposes the contractual liability endorsements afford no protection to plaintiff. However, we have no right to make a new contract for the parties. Hatch v. Turner, 145 Tex. 17, 193 S.W.2d 668. The provisions of the insurance agreement involved are clear and unambiguous. If it does not express the intention of the parties, it should have been written in language which did express their intention. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114.

■ Defendant also complains that Equipment Rental Company breached Condition 11 of the policy and Condition 3 of the contractual liability coverage by voluntarily releasing Lummus Company and in effect making voluntary payment where the extent and fact of its liability had never been determined either judicially or by agreement.

It was stipulated at the trial that immediately following the occurrence of the loss in question the defendant denied liability on the sole and only ground that the insurance policy provided no coverage for the loss which had occurred. The general rule is that "an insurer who denied liability on the grounds that the claim was not covered by the policy was liable for the insured's settlement before suit when the claim was found to have been within the policy coverage." Annotation 67 A.L.R.2d, pp. 1086, 1088; United States Fidelity & Guaranty Co. v. Pressler, Tex.Civ.App., 185 S.W. 326 error dism. This rule is effective even though the insurer offers to defend the suit and the offer is refused. Great American Idemnity Co. v. City of Corpus Christi, Tex.Civ.App., 192 S.W.2d 917, ref., n. r. e. Defendant has waived the provisions of the policy on which it relies, providing: "the insured shall not, except at his own cost,·

voluntarily make any payment, assume any obligation or incur any expense" and:

"* * * no action shall lie against the company unless as a condition precedent thereto the insured shall have fully complied with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by agreement between the claimant and the company."

Defendant also urges that the trial court erred in including loss of earnings in the total amount awarded plaintiff. This Point presents no error. If defendant is liable under the policy, it is liable for loss of use as provided in Coverage B and Coverage Z.

The Court erred in failing to grant defendant's motion for instructed verdict. The cause is reversed and here rendered in favor of the defendant, Travelers Indemnity Company.