**GULF INSURANCE COMPANY,**
Petitioner,

v.

**PARKER PRODUCTS, INC.,**
Respondent.

No. B–3704.

Supreme Court of Texas.

July 18, 1973.

Rehearing Denied Sept. 25, 1973.

Brown, Crowley, Simon & Peebles, M. Hendriks Brown, and Anne Gardner, Fort Worth, for petitioner.

Wynn, Irby, Brown, McConnoci & Mack, Tom Renfro, Fort Worth, for respondent.

REAVLEY, Justice.

Parker Products, Inc. sued its insurer, Gulf Insurance Company, on its general liability policy for the amount and expenses of a settlement made between Parker and a third party claimant. Gulf Insurance denied that the claim was covered by the policy and obtained summary judgment on that ground in the trial court. The Court of Civil Appeals reversed the judgment and remanded the case for the determination of the reasonableness of the settlement and of the attorney's fees incurred by Parker in defending the claim. 486 S. W.2d 610. We affirm the judgment of the Court of Civil Appeals.

Parker is in the business of manufacturing candy flavoring mixes for sale to ice cream manufacturers. In 1970 Parker manufactured and sold to Associated Dairy Products Company of California, Inc., coffee and lemon candy mix flavorings which were used in the making of some 4696 gallons of ice cream. The maker of the ice cream, Parker's customer, discovered that paper had been contained in the flavoring and had then been mixed into the ice

cream so as to make it all unfit for consumption and worthless. Associated Dairy Products Company presented Parker with a claim for the cost of labor and ingredients in manufacturing the ice cream, and Parker called upon Gulf Insurance for protection. Gulf Insurance refused to defend and denied coverage. This suit was subsequently brought by Parker to recover the amount ($6,481.77) of its settlement with Associated Dairy Products Company and also for $450 expended in attorney's fees.

■ Parker holds comprehensive liability insurance under a policy issued by Gulf Insurance, which policy protects Parker against both bodily injury liability and property damage liability. However, Gulf Insurance contends that exclusion (n) applies to this particular claim. Under that exclusion, the insurance does not apply:

> (n)  to damages claimed for the withdrawal, inspection, repair, replacement, or loss of use of the named insured's products or work completed by or for the named insured or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

Gulf Insurance argues that the ice cream was property of which Parker's defective mix formed a part and that, therefore, the damages for the replacement of that ice cream are excluded by the quoted clause. We find no cases construing this relatively new policy provision, but it is discussed in 2 Long, Law of Liability Insurance, App. § 15 (1966). The provision is there referred to as the "sistership exclusion" and is explained as follows:

> It denies coverage for claims based upon the cost of withdrawing a product from the market, replacing a product or the loss of use of a product which is temporarily or permanently withdrawn from the market because of occurrences involving the same or a similar product.

The name derives from an occurrence in the aircraft industry where all airplanes of a certain make and type were grounded by an order of the Civil Aeronautics Administration because one crashed and others were suspected of having a common structural defect. The damages arising out of the loss of use of all the sister ships were enormous.

The recall of equipment or parts discovered to have a common fault involve expenses incurred to prevent accidents which have not occurred. While the insurance covers damages for bodily injuries and property damage caused by the product that failed, it was never intended that the insurer would be saddled with the cost of preventing other failures, any more than it was intended that the insurer would pay the cost of preventing the first failure if the product had been discovered to be in a dangerous condition before the occurrence.

Under the terms of the policy the "insurance does not apply" and the company will *not* pay "on behalf of the insured all sums which the insured shall become legally obligated to pay as damages" in the case of fifteen listed exclusions. Eleven of these exclusions begin by expressly naming "property damage" resulting from a specified cause. Another excludes bodily injury to insured's own employees. One excludes liability which insured assumes by contract and another excludes insured's liability under workmen's compensation law. That leaves exclusion (n), of our concern, which is written not to commence or to say anywhere that it applies to exclude "property damage." Instead, it is directed to damages for withdrawal, inspection, etc. of property that is withdrawn from the market or use.

Gulf Insurance would have (n) exclude all property damage where the property is not thereafter sold or used. If the exclusion were intended to be so broad, it could be written more clearly and directly to that effect, as: "(n) to property damage to any

property of which named insured's products or work form a part if such property is made unfit for sale or use because of a defect of insured's product." The language of the policy exclusion is not so directed. It excludes damages when the property is withdrawn from market or use—but only those damages for "withdrawal, inspection, repair, replacement, or loss of use of the property . . ."—and *not* the damages for the destruction or loss of the property itself.

The exclusion of damages for replacement of the property during the withdrawal is not an exclusion for destruction of the property. When a third party sues the insured for property damage, he sues for the value of what is lost or destroyed, irrespective of whether it is replaced or not. Its replacement is irrelevant except as to the damages sought for rental of other property during the loss of use of the damaged property. Parker's liability to its customer was not for the use of replacement ice cream. The claim was for the loss of the ingredients of the ice cream which were destroyed and not merely withdrawn.

■ To confine exclusion (n) to damages other than injury to or destruction of property is, at least, a reasonable construction of that language. We must accept the reasonable interpretation under the rule of construction which favors the insured and which strictly construes policy exclusions against the insurer. United States Fidelity and Guaranty Co. v. Bimco Iron and Metal Corporation, 464 S.W.2d 353 (Tex.1971); Continental Casualty Co. v. Warren, 152 Tex. 164, 254 S.W.2d 762 (1953); Providence Washington Ins. Co. v. Proffitt, 150 Tex. 207, 239 S.W.2d 379 (1951).

■ Gulf Insurance Company further contends that it was entitled to a summary judgment because Parker settled this claim rather than litigating it to a final judgment, thereby violating the following condition (paragraph 5) of the policy:

No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

Parker has pleaded that Gulf Insurance waived compliance with this provision of the insurance policy by unconditionally refusing to defend or to assume any liability under the policy. By response to Parker's request for admissions, it was shown that Gulf Insurance did deny coverage and only reiterated that denial of coverage when advised by Parker of the need and opportunity for settlement of the claim. The insurance company may ordinarily insist upon compliance with this condition for its own protection, but it may not do so after it is given the opportunity to defend the suit or to agree to the settlement and refuses to do either on the erroneous ground that it has no responsibility under the policy. *See* Womack v. Allstate Insurance Company, 156 Tex. 467, 296 S.W.2d 233 (1956); Travelers Indemnity Co. v. Equipment Rental Co., 345 S.W.2d 831 (Tex.Civ.App. 1961, writ ref'd n.r.e.); St Louis Dressed Beef & Provision Co. v. Maryland Casualty Co., 201 U.S. 173, 26 S.Ct. 400, 50 L.Ed. 712 (1906); 67 A.L.R.2d 1086; 142 A.L.R. 809.

The judgment of the Court of Civil Appeals remanding the cause to the trial court is affirmed.