Russell John **THOEDE** et al., Appellants,

v.

**INTERNATIONAL SERVICE INSURANCE COMPANY, Appellee.**

No. A2258.

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 28, 1980.

Rehearing Denied June 18, 1980.

Patrick H. Rafferty, Rafferty, Kepner & Associates, Houston, for appellants.

Max Jennings, Daniel K. Hedges, Fulbright & Jaworski, Sharon S. Stagg, Nancy W. Myers, Boswell, O'Toole, Davis & Pickering, Houston, for appellee.

Before BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a declaratory judgment action brought by International Service Insurance Company (International) in which International sought a determination of coverage. The insureds, Russell John Thoede and John L. Thoede & Son, Inc., individually and d b a Thoede Auto Supply, brought a counterclaim against International and Aetna Casualty & Surety Company (Aetna) for recovery of damages incurred by all the insureds in defending a suit for personal injury and property damage arising from an automobile collision and in satisfying the judgment entered in that suit. Both insurance companies denied coverage under their respective policies. Insureds also sued Joe Reiss, individually and d b a Joe Reiss Insurance Agency, and Joe Reiss Insurance Agency No. 360 (Reiss), the insurance agent who wrote the coverage, alleging negligence in the manner in which the insureds' insurance risks were undertaken. After a jury trial, the trial court entered judgment that the insureds take nothing against the two insurers, but recover damages in the sum of $16,852.80 against Reiss. The insureds and Reiss appeal from the judgment.

In 1971 John L. Thoede & Son, Inc. purchased a 1963 Chevrolet automobile. After consulting with Reiss, who handled all of

the insurance for all the insureds, the car was placed on the personal liability policy of Russell Thoede, which was with International. Although the evidence is conflicting, it appears that the car was to be used as a spare delivery vehicle for Thoede Auto Supply. The other delivery vehicles were insured under a policy with Aetna.

On May 19, 1972, Shirley Carmen, an employee of John L. Thoede & Son, Inc., d b a Thoede Auto Supply, had an accident in the 1963 Chevrolet while making a delivery for Thoede Auto Supply. The driver of the other vehicle, William E. Owens, brought suit against John L. Thoede & Son, Inc., Russell Thoede, Thoede Auto Supply and Shirley Carmen.

Joe Reiss notified International and Aetna of this claim against the insured; however, both companies denied coverage. While the Owens suit was pending, International filed this declaratory judgment suit to declare the rights of the parties under its policy.

During the course of the Owens suit, several attempts were made to settle the claim, but International would not pay any of these amounts. The Owens case went to trial and a judgment was entered awarding Owens $12,500.00 against the Thoedes and Carmen.

The insureds contend that the trial court erred in submitting the special issue which asked whether the amount paid to Owens was determined "after actual trial." In defense to the insureds' cross-action, International pled the "no-action clause" of its policy. This clause states that:

6. ACTION AGAINST COMPANY— Part 1. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

■ International claims that there was never such an agreement and that the "trial" between Owens and the insureds was a mere sham and not an actual trial, to which the jury agreed in response to a special issue. However, an actual trial was not necessary in view of the facts and circumstances. Since International had denied coverage and had refused to settle, it had effectively repudiated the policy and, therefore, the insureds no longer had to comply with the policy provisions. In interpreting the same type of a clause, the Texas Supreme Court held that an:

Insurance Company may ordinarily insist upon a compliance with this condition [a no-action clause] for its own protection, but it may not do so after it is given the opportunity to defend the suit or to agree to the settlement and refuses to do either on the erroneous ground that it has no responsibility under the policy.

*Gulf Insurance Co. v. Parker Products, Inc.,* 498 S.W.2d 676, 679 (Tex.Sup.1973). To not hold so would reduce or discourage settlement attempts. The real question is whether the settlement was reasonable, which it was stipulated to be by all of the parties involved in this case.

■ It is further clear that International had responsibility for coverage as to Russell Thoede as the named insured and as to the others under the omnibus insured clause. Thus, International should be held liable for the $10,000.00 maximum under the policy. Furthermore, International should be held liable for the fixed costs of suit in defending the Owens action, including attorney's fees and court costs.

■ Since we hold International liable directly on the policy, the jury findings of negligence against Reiss are inapplicable as a matter of law. Since the policy written by Reiss with International covered the accident in question, the jury findings that Reiss was negligent in placing the car on Russell Thoede's individual policy instead of the company policy was immaterial. Although the insureds had pled that Reiss was negligent in underinsuring their risks, no such issue was submitted. The only issue submitted concerned the manner of insuring the insureds' risks.

The insureds also complain that the trial court erred in rendering a take-nothing judgment against Aetna. They claim that the 1963 Chevrolet was covered by the Aetna policy because the car was a temporary substitute vehicle. We cannot agree. The Aetna policy issued to John L. Thoede & Son, Inc. was a commercial type which insured vehicles used by Thoede Auto Supply. The 1963 Chevrolet was not listed in the policy. Under the policy, temporary substitute vehicles are those used temporarily and which are *not owned by the named insured.* Since John L. Thoede & Son, Inc. owned the 1963 Chevrolet, it could not qualify as a temporary substitute vehicle.

That part of the judgment granting recovery against Reiss is reversed and judgment is here rendered that the insureds take nothing against Reiss; that part of the judgment rendering a take-nothing judgment against International is reversed and judgment is here rendered that the insureds recover $14,352.80 against International. In all other respects, the judgment is affirmed.

Reversed and rendered in part, affirmed in part.