**Maida Harris WILHITE, Petitioner,**

v.

**S.M. ADAMS, Jr., Trustee, Respondent.**

No. C–1559.

Supreme Court of Texas.

Oct. 27, 1982.

Holt, Tatum & McCarver, Marion G. Holt, Nacogdoches, for petitioner.

Benchoff & Guidry, E. McAlister Benchoff, Nacogdoches, for respondent.

## PER CURIAM.

This is a suit to set aside a transfer of property to the petitioner from her husband before he filed for bankruptcy. S.M. Adams, the trustee in the bankruptcy proceedings of W.J. Wilhite, brought this suit against Mrs. Wilhite alleging the transfer of her husband's dairy business property to her was made with an intent to hinder, delay and defraud Wilhite's creditors.

Mrs. Wilhite filed a plea of collateral estoppel asserting the issue of fraudulent conveyance had already been litigated in her husband's prior discharge in bankruptcy. The trial court overruled the plea, and the case was submitted to a jury on special issues. The jury found that Wilhite did transfer the property with an intent to defraud a creditor. The jury, however, refused to find that Mrs. Wilhite acquired the property with notice of her husband's intent to defraud or that the transfer was not for a fair consideration. Based on these answers to special issues, the trial court rendered a take-nothing judgment against the trustee.

The court of appeals approved the overruling of Mrs. Wilhite's collateral estoppel plea but reversed and remanded, holding the jury's failure to find that Mrs. Wilhite had notice of her husband's intent to defraud was against the great weight and preponderance of the evidence. 636 S.W.2d 851. We disagree with the overruling of Mrs. Wilhite's collateral estoppel plea.

Under a plea of collateral estoppel, essential issues of fact determined and adjudged by a court of competent jurisdiction are binding in a subsequent action between the same parties and those who stand in privity with them. *Kirby Lumber Corp. v. Southern Lumber Co.*, 145 Tex. 151, 196 S.W.2d 387, 388 (1946). In other words, this doctrine precludes the relitigation of identical issues actually litigated in a previous action, even though the subsequent action is based upon a different cause of action. *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 362–3 (Tex.1971). Collateral estoppel does not require that all the issues in the subsequent action be the same as those in the prior suit. It merely precludes the same issues from being reurged.

The "intent to defraud" issue was expressly raised by the trustee in his complaint in the bankruptcy proceeding. That court rejected the complaint and granted the discharge. The discharge and order overruling the trustee's complaint by the bankruptcy court conclusively established

Mrs. Wilhite's right to collateral estoppel as to the issue on "intent to defraud."

The "intent to defraud" issue was again alleged in the trial court. Mrs. Wilhite timely filed and proved her plea of collateral estoppel which was overruled by the trial court. She was not thereafter required to repeat her objection when the issue was submitted. *Continental Nat. Bank of Fort Worth v. Conner,* 147 Tex. 218, 214 S.W.2d 928, 933 (1948); G. Hodges, Special Issue Submission in Texas § 85 (1959).

The trustee's original petition in the state action alleged the transfer of property was made with an "intent to hinder, delay and defraud" Wilhite's creditors. When the special issues were submitted to the jury, however, the trustee failed to request any issue on hinder or delay. The trustee therefore waived any right of recovery under either of these issues. Rule 279, Tex.R.Civ. Pro. The only issue remaining at the conclusion of the trial was the issue on "intent to defraud" which had been previously determined by the bankruptcy court.

The lower courts' actions in failing to sustain Mrs. Wilhite's plea of collateral estoppel is contrary to our holdings in *Benson v. Wanda Petroleum Co., supra* and *Kirby Lumber Corp. v. Southern Lumber Co., supra.* Accordingly, the application for writ of error is granted and, without hearing oral argument, we reverse the judgment of the court of appeals and affirm the judgment of the trial court. Rule 483, Tex.R. Civ.Pro.