**George BLOCK & Margie Block, Appellants,**

v.

**EMPLOYERS CASUALTY COMPANY, Appellee.**

**No. 04–86–00046–CV.**

Court of Appeals of Texas, San Antonio.

Nov. 12, 1986.

Rehearing Denied Jan. 26, 1987.

James A. Perkins, Catherine M. Stone, San Antonio, for appellants.

Thomas H. Crofts, Jr., San Antonio, for appellee.

Before BUTTS, CANTU and DIAL, JJ.

### OPINION

CANTU, Justice.

This is an appeal from a suit alleging a breach of an insurance contract by the insurer/appellee Employers Casualty Company (Employers Casualty). The insured, Coating Specialists, Inc. (CSI), was originally sued by the appellants, George and Margie Block, for property damage to the Blocks' home allegedly the result of the breach of various warranties by CSI.

CSI, a roofing contractor, had installed a monoflex roof with an elastomeric plastic coating on a house in San Antonio, Texas, in 1977. The Blocks purchased the home in February 1978. In August 1979, the Blocks discovered that the roof was leaking and water was entering the house at a point where air conditioning work had been performed. CSI repaired the roof and re-sprayed it with plastic coating between September and November of 1979.

No further leaking problems occurred until August 1980 when hurricane Allen caused heavy rainfall in the San Antonio

area. The Blocks had the roof inspected by an independent remodeling contractor, Charles Worell, in August 1980. Worell told the Blocks that the roof needed repairs. The Blocks attempted to stop the leaking but were unable to do so. A second independent contractor, Ed Bickerstaff, inspected the roof in August 1981. He told the Blocks that the plastic coating on the roof had blistered, and the blisters 'had collected water. As a result of the blisters, the insulation and exterior walls of the house also had water collected in them.

On June 29, 1982, the Blocks filed suit against CSI alleging a cause of action under the Deceptive Trade Practices Act and for breach of express and implied warranties. The Blocks Original Petition alleged, in pertinent part; "[T]he plaintiffs on or about August 30, 1979, ... found that the roof installed by CSI had leaked, allowing water into the home and causing extensive damage to the roof, and interior and exterior of the home." [1]

CSI had a Texas multi-peril policy of insurance issued by Employers Casualty, insuring CSI from August 1, 1980, to August 1, 1981. This policy included a completed operations hazards provision. CSI notified Employers Casualty of the lawsuit filed by the Blocks; however, Employers Casualty refused to defend the lawsuit based on its conclusion that the damaging event had not occurred during the policy period. Employers Casualty had no further involvement in the lawsuit.

The Blocks and CSI prepared for trial but subsequently entered into an agreed judgment on November 23, 1983. The judgment recites that the Blocks sustained property damage to their residence as a result of an occurrence on August 6, 1980, and that the damages were sustained as a result of the breach of warranties by CSI. The agreed judgment recites an award of $47,500.00 plus interest on damages and attorney's fees.

As a part of the settlement agreement between CSI and the Blocks, the parties executed a Covenant Not to Execute and Conditional Release of Judgment, wherein the Blocks agreed not to attempt to enforce the judgment against CSI but rather would look to CSI's insurer, Employers Casualty, for satisfaction of the judgment. CSI agreed to file a lawsuit against Employers Casualty to enforce the insurance contract and to establish Employers Casualty's contractual liability to pay the Blocks' claim against CSI.

As agreed, CSI filed suit against Employers Casualty alleging that Employers Casualty breached its insurance policy with CSI by failing to provide CSI with a defense in *Block v. CSI.* The Blocks intervened in *CSI v. Employers Casualty Co.* alleging that they were judgment creditors seeking to recover the full amount of their judgment.

The trial court determined, prior to trial, that under the holding in *Ranger Insurance Co. v. Rogers,* 530 S.W.2d 162 (Tex. Civ.App.—Austin 1975, writ ref'd n.r.e.) Employers Casualty could not collaterally attack the judgment in *Block v. CSI.* Therefore, no evidence as to the validity of the findings or the reasonableness of the agreed judgment was admitted at trial. The trial court found that Employers Casualty had breached its insurance contract with CSI by failing to provide a defense for CSI.

The only issue at the trial was the amount of damages sustained by CSI as a result of the breach. After a trial to the court, it was determined that CSI was entitled to $45,000.00 plus attorney's fees and court costs, which was the amount of the judgment obtained by the Blocks less $2,500.00 which was determined to have been excluded under the insurance policy provisions.

At a subsequent hearing on a Motion to Enter Judgment, the trial court reversed

---

**1.** The Block's Third Amended Original Petition alleged that the roof installed by CSI began to leak on or about August 30, 1979, that repairs were made to the roof between the months of September and October of 1979 and that *thereafter* the roof again began to leak. Thus, the covered event, if alleged, must be contained in the expression *thereafter.*

its earlier decision based upon *Ranger v. Rogers, supra,* and decided to follow instead the decision in *Parker Products, Inc. v. Gulf Insurance Company,* 486 S.W.2d 610 (Tex.Civ.App.—Fort Worth 1972), *aff'd,* 498 S.W.2d 676 (Tex.1973). The trial court then ruled that *Parker* required CSI to prove the reasonableness of the agreed judgment entered in *Block v. CSI.* The Blocks' Motion to Reopen the Evidence in order to present proof of the reasonableness of the agreed judgment was denied. On June 7, 1985, judgment was entered that CSI recover only its attorney's fees and costs resulting from the wrongful refusal to defend, and that the Blocks take nothing.

Both CSI and the Blocks filed Motions for New Trial, which were granted by the trial court. Thereafter, CSI assigned all its rights against Employers Casualty to the Blocks, excluding any cause of action for attorney's fees and costs. CSI subsequently settled its claim for attorney's fees and costs arising from the wrongful refusal to defend with Employers Casualty, and CSI was dismissed without prejudice to the Blocks to pursue the cause of action against Employers Casualty for its breach of the insurance contract.

The cause was then tried again, but to a jury this time, with Employers Casualty as the defendant and the Blocks as plaintiffs, as judgment creditors and as assignees of CSI. The basic issue before the trial court was the reasonableness of the agreed judgment, with the Blocks objecting throughout

the trial that the entire proceeding was a collateral attack on a final judgment. Employers Casualty stipulated that it had declined to provide CSI with a defense based upon its belief that the loss asserted in the Blocks' original petition occurred prior to the August 1, 1980 inception date of the insurance policy with CSI.[2]

At the close of the evidence, the Blocks presented a Motion for Directed Verdict alleging that Employers Casualty had presented no evidence that: the prior final judgment in *Block v. CSI* was procured by fraud; that the amount of the agreed judgment was unreasonable; that Employers Casualty had not wrongfully refused to defend or that coverage did not exist.[3] The trial court granted the motion only insofar as it ruled that Employers Casualty had wrongfully failed to defend CSI.

Special issues were submitted to the jury inquiring as to the reasonableness of the damages and attorney's fees awarded the Blocks in the agreed judgment. The jury found that the amounts were reasonable. Employers Casualty then filed a Motion for Judgment Non Obstante Veredicto, alleging that there was no finding that the damages in the agreed judgment were covered by the insurance policy. Employers Casualty argued that in order to recover under the policy, the Blocks had the burden to obtain an affirmative finding as to the amount of damages sustained during the policy period. Thus, Employers Casualty argued that although the jury finding determined that the amount of the agreed

---

**2.** Employers Casualty's Fourth Amended Original Answer generally denied the allegations in CSI's petition, and sought to avoid liability under exclusion K of the policy.

Exclusion K provides:
Exclusions
This insurance does not apply

    \*    \*    \*    \*    \*    \*

to property damage to
  (1) property owned or occupied by or rented to the insured,
  (2) property used by the insured, or
  (3) property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control; but parts (2) and (3) of this exclusion do not apply with respect to liability under a written

sidetract agreement and part (3) of this exclusion does not apply with respect to property damage (other than to elevators) arising out of the use of an elevator at premises owned by, rented to or controlled by the named insured;

    \*    \*    \*    \*    \*    \*

Employers Casualty also alleged that the amount recited in the consent judgment was not correct but was arrived at in an attempt to overcome exclusion K.

**3.** Of course Employers Casualty's pleadings had not raised fraud as a defense, had not challenged the reasonableness of the amount of the agreed judgment, and had not relied on exclusion of coverage other than under exclusion K.

judgment was reasonable, there was no finding that Employers Casualty was liable for all or any part of the damages incurred by the Blocks as a result of a breach of warranty by CSI.[4]

Employers Casualty's Motion for Judgment Non Obstante Veredicto was granted. Judgment was entered on October 25, 1985, that the Blocks take nothing and Employers Casualty recover its costs. However, prior to entry of the judgment, but after the trial court had orally announced its decision to grant Employers Casualty's Motion for Judgment Non Obstante Veredicto, the trial judge notified the parties, by letter dated October 15, 1985, that he had decided to grant a new trial on his own motion, based upon the confusion concerning the way the jury issues were submitted. The Blocks filed a Motion for New Trial but no order or ruling on the motion appears in the record. Nor does the record indicate that the court ever acted on its own expressed desire to grant a new trial by actually entering an order to that effect.

The Blocks (hereinafter appellants) bring this appeal, urging six points of error. They first complain that the trial court erred in failing to grant their Motion for Directed Verdict, alleging that they had established all elements of the cause of action as a matter of law.

At the trial on the breach of insurance contract suit (*CSI v. Employers Casualty*), the appellants through CSI alleged that Employers Casualty had breached its contract by failing to provide insurance coverage; and that CSI consequently had incurred damages in the amount of the $47,500.00 awarded the Blocks in the agreed judgment, plus interest, court costs and attorney's fees. Appellants contend that they were entitled to a directed verdict because the trial court found, and no evidence to the contrary was presented, that

Employers Casualty wrongfully failed to defend CSI. Thus, appellants argue that, having found a wrongful refusal to defend, the court was required to find that the agreed judgment was not produced by fraud or collusion, that the damages awarded were not unreasonable and that the damages were based upon actual damages.

■ We agree that once it was determined that Employers Casualty wrongfully failed to defend its insured, Employers Casualty was barred from collaterally attacking the final agreed judgment. *St. Paul Insurance Co. v. Rahn*, 641 S.W.2d 276 (Tex.App.—Corpus Christi 1982, no writ). A liability insurer is not a stranger to a consent judgment when the insurer had notice of the suit and the opportunity to defend, but wrongfully failed to provide a defense. *Ranger Insurance v. Rogers, supra.* Further, an agreed judgment has the same binding force and effect as a judgment resulting from a trial to the court or a jury. *McCray v. McCray*, 584 S.W.2d 279 (Tex.1979); *Pollard v. Steffens*, 161 Tex. 594, 343 S.W.2d 234 (1961). Thus, a judgment is subject to collateral attack only if the court rendering the judgment did not have jurisdiction to render it. *Austin Independent School District v. Sierra Club*, 495 S.W.2d 878 (Tex.1973).

■ Those matters settled in the agreed judgment in *Block v. CSI* are binding and conclusive as against Employers Casualty in the suit by CSI, *i.e.:* the Blocks sustained property damage to their residence as a result of an occurrence on August 6, 1980; the property damages were sustained as a result of a breach of warranty by CSI in the application of a water-proofing covering to the Blocks' roof, from a breach of fitness or quality of CSI's product and a breach of warranty that CSI's work would be done in a workmanlike man-

---

4. Special Issue No. 1 was submitted and answered as follows:

   As a result of the occurrence of August 6, 1980, is the amount of the Block's damages, excluding the roof, in Plaintiff's Exhibit No. 2 reasonable?
   Answer 'Yes' or 'No.'

We, the jury, answer: <u>YES</u>
Special issue No. 3 was also submitted and answered:

   Do you find the amount of attorney's fees in Plaintiff's Exhibit No. 2 to be reasonable? Answer 'Yes' or 'No.'
   We, the jury, answer: <u>YES</u>

ner; the damages to the Blocks' home were $30,000.00; the repairs to the roof were $2,500.00 and the Blocks incurred reasonable and necessary attorney's fees in the amount of $15,000.00. Employers Casualty is further bound by the court's uncontested findings in *CSI v. Employers Casualty* that it wrongfully refused to provide a defense.[5]

■ However, a central element to be proven in an action for the alleged breach of an insurance contract is that the insured has been damaged by the breach and the amount of damages resulting from that breach. At trial, the burden of proof is upon the insured to negate exclusions and limitations contained in the insurance policy and pled as a defense by the insurance company, and to obtain favorable findings negating coverage defenses. *See Ranger Insurance v. Rogers, supra; Winn v. Continental Casualty Co.*, 494 S.W.2d 601 (Tex.Civ.App.—Tyler 1973, no writ).

Employers Casualty admits that a wrongful refusal to defend could have rendered it liable to CSI for its attorney fees and expenses which it, of course, settled. But it argues that liability for those items would not necessarily extend to the amount of the agreed judgment against CSI.

■ It is said that a determination that there was a wrongful refusal to defend is entirely independent of the need for an adjudication of coverage facts in a later suit against the insurer. *See Argonaut Southwest Insurance Co. v. Maupin*, 500 S.W.2d 633 (Tex.1973); *Cook v. Ohio Casualty Insurance Co.*, 418 S.W.2d 712 (Tex. Civ.App.—Texarkana 1967, no writ). Employers Casualty thus concludes that even if it made an erroneous decision about whether it had a duty to defend CSI, it was appellants' burden in the instant cause to prove that CSI's liability, as reflected in the earlier agreed judgment, was attributable to an event covered by the terms of its

policy with CSI. *See Winn v. Continental Casualty Co., supra.*

Appellants, as noted, brought this action alleging that Employers Casualty breached its contract by failing to provide insurance coverage. As a basis for their action, they pled the relevant portions of the insurance policy, *i.e.:*

> [Employers Casualty] will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of ... property damage to which this insurance applies

> •       •       •       •       •       •

TEX.R.CIV.P. 94 provides:

In pleading to a preceding pleading, a party shall set forth affirmatively ... any other matter constituting an ... affirmative defense. Where the suit is on an insurance contract which insures against certain general hazards, but contains other provisions limiting such general liability, the party suing on such contract shall never be required to allege that the loss was not due to a risk or cause coming within any of the exceptions specified in the contract, nor shall the insurer be allowed to raise such issue unless it shall specifically allege that the loss was due to a risk or cause coming within a particular exception to the general liability ...

Thus the burden was upon Employers Casualty to affirmatively plead that the event was not covered under the provisions of the insurance contract.

■ As noted earlier, Employers Casualty pled exclusion K of the policy as a defense in its answer. The burden of proof was on appellants to negate only the exclusions and limitations contained in the policy and pled as a defense by Employers Casualty's answer. *Sherman v. Provident American Insurance Co.*, 421 S.W.2d 652 (Tex.1967).

At no time did Employers Casualty plead that the date relied upon as the date of the

---

**5.** Appellee does not contest on appeal the trial court's determination of wrongful refusal to defend.

covered event was outside the policy period. Employers Casualty's sole exclusion related to the property occupied, used or under the control of CSI. The evidence developed at trial reflected that the property was exclusively under the control of appellants and no serious contention was ever made by Employers Casualty that exclusion K was not negated, nor is it argued on appeal.

Rather the contention on appeal is that appellants failed to establish a covered event; that is, that the covered event occurred on a date within the policy period. Such a contention was not before the trial court through pleadings and thus was not such an exclusion as required negation by appellants.

That the issue of coverage may have been tried by consent, as the dissent contends, the need for pleadings to support the proof does not shift to appellants to negate coverage questions not raised by the insurer. Employer Casualty's failure to plead an exclusion other than Exclusion K waives such other affirmative defenses. *Parliament Insurance Co. v. L.B. Foster Co.,* 533 S.W.2d 43 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.). Regardless, the parties did not try coverage issues by consent. Appellants consistently characterized the entire proceeding as an impermissible attack on the agreed judgment, and further argued that Employers Casualty could not relitigate coverage questions.

Nevertheless, we find ample evidence which supports an implied finding that the event was within the coverage period.

Moreover, the pleadings in *Block v. CSI* recite such facts as would alert Employers Casualty that *thereafter* included a date within the policy period.[6] The recitation in the agreed judgment that the damages sustained by the Blocks occurred on August 6, 1980, a date occurring *thereafter* and within the policy period is conclusive and binding against Employers Casualty.

Thus, even though Employers Casualty was precluded from collaterally attacking the agreed judgment on issues previously litigated, *Wilhite v. Adams,* 640 S.W.2d 875 (Tex.1982), we hold that appellants successfully negated those exclusions raised by Employers Casualty pleadings and were not required to negate those belatedly, improperly raised. Nevertheless, although we find it unnecessary to do so, we also find that Employers Casualty's belated reliance upon the covered event exclusion relating to the date of occurrence was amply negated by appellant's evidentiary proof.[7]

We are unpersuaded by Employers Casualty's argument on the burden of establishing coverage against the insurer. Employers Casualty's position is premised upon an erroneous assumption that appellants' burden of proof required negation of an exclusion not properly raised.

Employers Casualty erroneously refused coverage. It may not now challenge the reasonableness of the agreed judgment. *St. Paul Insurance Co. v. Rahn,* 641 S.W.2d 276 (Tex.App.—Corpus Christi 1982, no writ). Further, all exclusions to coverage were sufficiently negated by ap-

---

6. "Where the complaint does not state facts sufficient to clearly bring the case within or without the coverage, the general rule is that the insurer is obligated to defend if there is, potentially a case under the complaint within the coverage of the policy. Stated differently, in case of doubt as to whether or not the allegations of a complaint against the insured state a cause of action within the coverage of a liability policy ... such doubt will be resolved in the insured's favor." *Heyden Newport Chemical Corp. v. Southern General Insurance Co.,* 387 S.W.2d 22, 26 (Tex.1965) quoting from annotation 50 ALR2d 458 at 504. *See also* and *compare Travelers Insurance Co. v. Reed Co.,* 135

S.W.2d 611 (Tex.Civ.App.—Beaumont 1939, writ dism'd judgmt cor.).

7. Contrary to the assertions in the dissenting opinion, we do not hold that when an insurer declines to defend a suit against its insured, an agreed judgment between the insured and the injured third party precludes the insurer from later contesting coverage liability. Rather, we hold that Employers Casualty failed to properly raise a coverage question other than Exclusion K, which it did not attempt to prove, and thus in this case, the insurer is precluded from contesting coverage liability concerning the covered event.

pellants. The agreed judgment contains a determination of the damages sustained by the Blocks for which CSI is liable, *i.e.*, $30,000.00 plus interest at the rate of 10%, and attorney fees in the amount of $15,000.00. Since Employers Casualty failed to raise a coverage question, other than Exclusion K which as discussed above was not shown to be applicable nor seriously pursued, Employers Casualty is liable to the Blocks as assignees of CSI for the damages CSI sustained as a result of the wrongful refusal to defend.

Appellants are entitled to recover $45,000.00 plus interest at 10% from Employers Casualty.[8] The trial court erred in denying appellants' Motion for Directed Verdict because all elements of the cause of action were established as a matter of law, either through the evidence presented at trial, or as determined in the agreed judgment. Point of error one is sustained.

Appellants' remaining points of error complain of the trial court's action in entering judgment Non Obstante Veredicto. These points are irrelevant in view of the disposition we make of point of error one.

The judgment of the trial court is reversed, and judgment rendered that appellants recover from Employers Casualty the sum of $45,000.00 plus interest at 10% from date of judgment.

BUTTS, Justice, dissenting.

A dissent is appropriate because of the facts in this case and the law which should be applied.

The majority opinion holds the law to be that when the insurer declines to defend a suit against its insured, the agreed judgment as to damages between the injured third party and the insured in the first case precludes the insurer from contesting the question of coverage liability in the second suit. *Hargis v. Maryland American General Insurance Co.*, 567 S.W.2d 923, 927

(Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.) held to the contrary. In that case a prior agreed judgment did not preclude the insurer from contesting the issue of coverage, as it does not in the present case. The findings and judgment in the first case are not dispositive of the disputed issue of coverage. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 57(2) (1982); *Massachusetts Bonding & Insurance Co. v. Orkin Exterminating Co.*, 416 S.W.2d 396 (Tex.1967); *National Union Fire Insurance Co. v. Bourn*, 441 S.W.2d 592 (Tex. Civ.App.—Fort Worth 1969, writ ref'd n.r. e.).

The insurer elected, under the facts alleged in the third amended petition, not to defend in the first suit against CSI. However, its election to do so, even if it was ruled to be wrongful, does not result in the loss of its contract rights to deny liability for coverage.

In its motion for judgment notwithstanding the verdict, the insurer argued "there is no finding that establishes coverage for the damages agreed to in the underlying, agreed judgment." It was established that repairs to the interior and exterior of the house were not made until after 1981. It is *prima facie* evidence the insurance policy was in effect only from August 1, 1980 until August 1, 1981. The plaintiff's third amended original petition also contains allegations that damages from the leaking roof began in August 1979, prior to the effective date of the policy. The subject house was 40 years old with a flat roof covered with gravel. In 1977 CSI sprayed the roof with a plastic material designed to cover the existing roof. It was established that leaking began in 1979. At that time CSI sprayed again. The motion for judgment n.o.v. also seeks relief because "it was plaintiffs' burden to obtain a finding that at least a part of their damages was sustained during the policy period. Otherwise

8. As noted, the agreed judgment was in the amount of $47,500.00, which included $2,500.00 for roof repairs. The parties have stipulated that the $2,500.00 is not recoverable from Employers Casualty. Furthermore, CSI settled its claim for attorney fees and court costs with Employers Casualty. Thus the Blocks, as assignees in the shoes of CSI, are not entitled to recover additional attorney fees or court costs from Employers Casualty.

there would be no duty by defendant to pay."

The jury answered only two special issues: whether, as a result of the occurrence of August 6, 1980, the amount of the damages, excluding the roof, in the judgment was reasonable, and, whether the amount of attorney's fees in the prior judgment was reasonable. The insurer objected to the special issues submitted.

It is undisputed the insurer was not a party to the first cause. The doctrines of *res judicata* and collateral estoppel operate against parties and their privies. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984). The respective positions of the insurer and the insured regarding coverage were in conflict. It is clear there was no privity (identical legal right). *See Employers Casualty Co. v. Tilley*, 496 S.W.2d 552 (Tex.1973). Thus, these doctrines are inapplicable in the present case, and the majority opinion mistakenly rests its decision on these doctrines.

The insurer's objection to Special Issue One was, in part, that it was a comment on the weight of the evidence, causing the jury to believe the court found the damages alleged in the interior and exterior of the house were the result of an occurrence of August 6, 1980, when the *evidence was very much in dispute as to when such damage actually occurred.* Among other objections to Special Issue One, the insurer complained there should be a finding that plaintiff sustained damages subsequent to the effective date of the policy, or coverage liability would not be shown.

The objection to the attorneys' fees special issue was that there was no evidence or finding as to how much would be a reasonable fee for recovery of damages by the Blocks against CSI *which would be covered by the policy.*

The objections to the special issues went to the period of coverage by the policy. A review of the statement of facts indicates this was without question a seriously contested issue. The burden of proof was on the plaintiffs to show the loss occurred and their claim fell within the coverage period, and a special issue upon which the jury could base its finding should have been submitted. This was not an affirmative defense to be pleaded and disproved by the insurer. The insured's general denial put the burden on plaintiffs to prove coverage. The objections to the special issues properly preserved the insurer's points to form the basis for its motion for judgment n.o.v. TEX.R.CIV.P. 301.

The trial court correctly denied the Block's motion for directed verdict. I would hold it correctly granted the insurer's motion for judgment n.o.v. The prior judgment agreed to by CSI and the Blocks was introduced in evidence by the Blocks, and testimony regarding the roof, alleged damages to the interior and exterior of the house, and attorney's fees, all subjects of the first judgment, was introduced by both parties. There is no case with similar facts cited by the majority to show how the present insurer's position constitutes a collateral attack on a judgment. It is clear this is not a collateral attack on a judgment. Further, the doctrines of *res judicata* or collateral estoppel do not apply in this case.

The majority says the trial court should have granted the directed verdict because all elements of the cause of action were established as a matter of law, either through evidence presented at trial, or as determined in the agreed judgment. The actual motion for directed verdict did not allege this but was based on what the Blocks mistakenly perceived to be the burdens of proof of the insurer: The insurer presented no evidence that the agreed judgment was procured by fraud; or that the amount of the judgment was unreasonable; or that the insurer had not wrongfully refused to defend. [The trial court ruled that the insurer had wrongfully refused to defend.]

In this, the second suit, the Blocks had the burden to prove that the damages to the interior and exterior of the house, for which CSI agreed it was liable, occurred during the period of coverage for which the insured was liable to CSI. The insured

strongly disputed coverage liability. This was an element upon which a finding should have been made. The plaintiff failed to establish this element.

The motion for directed verdict was premised on the belief that the agreed judgment precluded the insured from contesting liability, thereby forbidding denial of policy coverage of the damages before August 1, 1980 and after August 1, 1981. No jury issues establishing coverage were submitted. The reason the trial court could not enter a judgment for the Blocks, who made a motion for judgment on the verdict, was that the jury verdict would not support that judgment. While the court may have granted a new trial under these circumstances, it chose not to do so. Therefore, this court is in no better position to grant the motion for instructed verdict and render judgment.

I would affirm the judgment of the trial court. I respectfully dissent.