Lee OWENS, Kyle E. Bryan, and Michael J. Kwedar, d/b/a Bryan–Kwedar Insurance Agency, Appellants,

v.

Robert WATSON, Appellee.

No. 13–89–381–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 28, 1991.

Ray Alexander, Lev Hunt, Hunt, Her-
mansen, McKibben & Barger, Corpus

Christi, Larry Parks, James A. Price, Jr., Long, Burner, Parks & Sealy, Austin, for appellants.

Russell H. McMains, Anthony Constant, Kimberley Hall Seger, McMains & Constant, Corpus Christi, for appellee.

Before SEERDEN, KENNEDY and KEYS, JJ.

## OPINION

SEERDEN, Justice.

This is an appeal from an adverse judgment awarding money damages to appellee, Robert Watson, based upon a jury verdict finding that appellants, Lee Owens, Kyle Bryan and Michael Kwedar, d/b/a Bryan–Kwedar Insurance Agency and Texas Lawyers' Insurance Exchange (TLIE), knowingly misrepresented material facts and were both negligent and grossly negligent in their handling of matters involving appellee's malpractice insurance coverage. In five points of error, appellants seek reversal because 1) appellee voluntarily settled the third-party claim which formed the basis of this cause of action; 2) appellants are entitled to credit from other parties which eliminates recovery against them; and 3) there was no basis or an improper basis for awarding punitive damages. After considering each of appellants' points of error, we affirm the trial court's judgment.

The evidence shows that appellants, doing business as Bryan–Kwedar Insurance Agency, had been handling appellee's insurance needs for some time prior to the occurrence made the basis of this suit. Appellee's legal malpractice insurance was carried through the Home Insurance Company (Home) on the basis of a "claims-made" policy. In 1986, appellants' representative, Lee Owens, and appellee made the decision to transfer this malpractice policy to TLIE. Another agency, Southwest Surplus Insurance Agency, was also involved in writing appellee's malpractice insurance. Appellants and appellee were aware of a potential malpractice claim against appellee by Ali Kilinc. Through either misrepresentations or negligence, appellants led appellee to believe that this claim would be covered by the Home policy when the change to TLIE was made. After the change from Home to TLIE was made, Kilinc pursued his claim against appellee. Both Home and TLIE denied coverage for the claim. Appellee negotiated a settlement of the Kilinc claim and brought suit against appellees, Southwest Surplus Insurance Agency, Home and TLIE. Immediately prior to commencement of this trial, Home settled with appellee by paying him $40,000.00, to be allocated $8,000.00 actual and $32,000.00 punitive damages.

The jury verdict absolved Southwest Surplus of liability and found that appellants both misrepresented the terms of the Home policy to appellee, and were 40% negligent in causing appellee's insurance problem. It found that TLIE represented that its policy confirmed rights which it did not and that its negligence was 50% of the cause of appellee's insurance problem. It also found that appellee's negligence was a 10% contributing factor to his problem. The jury also found appellants guilty of gross negligence; that $10,000.00 was fair and reasonable compensation to appellee for the conduct of appellants; that $108,000.00 was reasonable compensation for conduct of TLIE; $216,000.00 exemplary damages; $36,000.00 attorney's fees for appellee; and that appellee at his own cost and with full knowledge of material facts, voluntarily paid $90,000.00 to Kilinc to settle his claim.

While both TLIE and appellants perfected appeals from the trial court's judgment, TLIE has settled its portion of the case. Consequently, the only matters presently before us are the matters raised by Owens, Bryan and Kwedar, d/b/a Bryan–Kwedar Insurance Agency.

■ By their first point of error, appellants allege that the trial court erred in rendering judgment in the amount of $225,-000.00 against them because the jury found

that Watson had voluntarily paid the malpractice claim at his own cost. In support of this contention, appellants argue that money voluntarily paid with knowledge of all facts, without fraud, deception, duress or coercion, cannot be received back by the person voluntarily making such payment. The cases cited by appellants for this proposition are non-insurance, non-DTPA cases in which a party voluntarily paid a debt and then sued the party that it thought was obligated. This argument is without merit. Here, both insurance companies had already denied coverage when Watson settled his suit. In short, he had done everything within his power to have the claim covered by his insurance companies. Because of the denial of coverage under the policy, appellants cannot use this defense. *See Gulf Ins. Co. v. Parker Prod., Inc.,* 498 S.W.2d 676, 679 (Tex.1973). Appellants' first point of error is overruled.

By their second point of error, appellants allege that the trial court erred in rendering judgment in the amount of $225,000.00 against them because they are entitled to a credit of the amount of Home's settlement which eliminates any recovery by Watson against them. A defendant has no action for contribution against a co-defendant if the co-defendant has no liability to the plaintiff for which contribution is sought. *See ECC Parkway Joint Venture v. Baldwin,* 765 S.W.2d 504, 513 (Tex.App.—Dallas 1989, writ denied). Absent common liability, no right to contribution exists. *Charter Builders v. Durham,* 683 S.W.2d 487, 489 (Tex.App.—Dallas 1984, writ ref'd n.r.e.) Here, negligence was alleged solely against Owens, Bryan, Kwedar, d/b/a Bryan–Kwedar Insurance Agency and Southwest Surplus Company. It was not alleged against Home. Therefore, the only common liability Home could have with appellants is under the DTPA and Insurance Code. The question submitted to the jury, however, inquired solely about the amount of damages attributable to appellants. Therefore, the award of $10,000.00 (reduced by ten

percent as a result of Watson's negligence) is not subject to credit for the amount of Home's settlement. Appellants also argue in a pending motion on appeal that they are entitled to a credit in the amount of TLIE's settlement. The judgment against TLIE was based upon the jury's finding of damages caused by TLIE only and not as to any joint liability between it and appellants. Therefore, appellants are not entitled to a credit from TLIE. Appellants' second point of error and motion for credit are overruled.

By their third point of error, appellants argue that the trial court erred in awarding exemplary damages against them because exemplary damages cannot be recovered in the absence of actual damages. Because we have determined that appellants are not entitled to a credit, actual damages exist upon which exemplary damages may be awarded. Appellants' third point of error is overruled.

By their fourth point of error, appellants complain that the court erred in rendering judgment for exemplary damages because there is no evidence of gross negligence or factors permitting recovery of exemplary damages. In order to prove gross negligence, a plaintiff must show that the defendant was consciously, i.e. knowingly, indifferent to his rights, welfare and safety. *International Armament v. King,* 686 S.W.2d 595, 597 (Tex. 1985); *Burk Royalty Co. v. Walls,* 616 S.W.2d 911, 922 (Tex.1981). In other words, the plaintiff must show that the defendant knew about the peril, but his acts or omissions demonstrated that he or she did not care. *See Burk Royalty,* 616 S.W.2d at 922. Such conduct can be active or passive in nature. All actions or circumstances indicating a state of mind amounting to a conscious indifference must be examined in deciding if there is some evidence of gross negligence. *International Armament,* 686 S.W.2d at 597.

Owens testified that the whole point of her relationship with her client was to be certain that the client had coverage if sued. She was aware of the potential claim

against Watson when she was looking into switching coverage to TLIE, and was present during the telephone conversation between Watson and TLIE's representative. She never told Watson that he needed to submit a written report to Home concerning the potential claim even though this had been discussed during the conversation. She admitted that the reason Home refused coverage was because of lack of written notice and that had she turned in Watson's written notice, Home would have covered the claim. Viewing the evidence in light of the applicable standards, we find that there was sufficient evidence to support the finding of gross negligence. Appellants' fourth point of error is overruled.

By their fifth point of error, appellants allege that the court erred in awarding exemplary damages because they were excessive and not reasonably proportionate to the actual damages found. Exemplary damages must be reasonably proportioned to actual damages, but there can be no set rule or ratio between the amount of actual and exemplary damages which will be considered reasonable. *Alamo Nat'l Bank v. Kraus,* 616 S.W.2d 908, 910 (Tex.1981). This determination must depend on the facts of each particular case. *Id.* Factors to be considered making this determination are: 1) the nature of the wrong; 2) the character of the conduct involved; 3) the degree of culpability of the wrongdoer; 4) the situation and sensitivities of the parties involved; and 5) the extent to which the conduct offends a public sense of justice and propriety. *Id.* Viewing the evidence in light of the applicable standard, we hold that the trial court did not err in awarding the exemplary damages against appellants. Appellants' fifth point of error is overruled. The judgment of the trial court is affirmed, and appellants' motion for credit and supplemental motion for credit, previously carried with the case, are denied.

KEYS, J., not participating.