GARWOOD, Circuit Judge,
concurring in part and dissenting in part:
I join in all of Judge Clement’s well considered opinion except as follows.
I disagree that Landmark’s demand that Scottsdale accept a settlement within Scottsdale’s policy limits constituted a denial of coverage on Landmark’s part or a waiver of its rights under the actual trial or approved settlement clause of its policy. And, the fact that Landmark had the opportunity to agree to a settlement but declined to does not, of itself, mean anything more than that it exercised the rights its policy gave it.
However, in my opinion Landmark had a duty to defend Shade Tree against Knox Park’s suit in which Knox Park made breach of warranty claims against Shade Tree. Landmark’s policy provided the primary, and the only, liability or indemnity coverage for such claims. In my view, a reasonable construction of the Landmark policy is that, for this purpose, the Knox Park suit was not “covered by” the Scottsdale policy because although that policy covered some of the claims in the suit it did not cover the breach of warranty claims, which only the Landmark policy covered. While a contrary construction of the Landmark policy is also reasonable, we are to adopt that reasonable construction which favors the insured and comports with the settled Texas rule that where primary liability coverage is concerned there is no duty to indemnify absent a duty to defend. Landmark refused to perform and repudiated its duty to defend Shade Tree and for that reason waived its rights under the actual trial or approved settlement clause of its policy. See, e.g., Gulf Ins. Co. v. Parker Products, 498 S.W.2d 676, 679 (Tex.1973).