**David John RIGGS, Appellant**

v.

**SENTRY INSURANCE, a Mutual Company, Appellee.**

No. C14–90–00744–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 12, 1991.

Rehearing Denied Jan. 23, 1992.

Alden Hoford, Houston, for appellant.

Michael W. Cooper, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

David John Riggs appeals from a take nothing judgment on his claims against Sentry for breach of the duty of good faith and fair dealing, negligence, misrepresentation, and violations of the Texas Insurance Code and the DTPA. Riggs raises fifteen points of error challenging the trial court's ruling regarding certain evidence, refusal to submit requested jury instructions, and denial of Riggs' third motion to compel discovery. We affirm.

This case arose as a declaratory judgment action filed by Sentry. Sentry sought a declaration that the policy of liability insurance issued to Samuel Ramirez lapsed by non-payment of the renewal premium in July 1982. On August 30, 1982, one of Ramirez's vehicles was stolen. Unaware that his insurance policy had lapsed, Ramirez reported the theft to Sentry on September 2, 1982. Sentry's claims service department did not advise Ramirez that the policy had lapsed. On September 22, 1982, while driving his other vehicle, Ramirez struck a motorcycle, severely injuring Riggs, the motorcycle passenger. Ramirez reported this accident to Sentry. On September 27, 1982, Sentry advised Ramirez that his claims had been denied.

Riggs filed a personal injury suit against Ramirez. Riggs made a settlement offer to Sentry for the $25,000.00 policy limit, but Sentry never responded to this offer. Riggs recovered a judgment against Ramirez for $294,301.21. In return for a promise that this judgment would not be enforced against him beyond the $25,000.00 policy limit, Ramirez assigned his rights against Sentry to Riggs. Riggs sent a demand letter to Sentry and Sentry subsequently filed the action for declaratory judgment. Riggs filed an answer and counterclaims against Sentry.

The trial court granted Sentry's motion for summary judgment on the ground that the Ramirez policy lapsed on July 22, 1982, but denied summary judgment on the issues of waiver and estoppel. The jury exonerated Sentry of Riggs' claims of misrepresentation, waiver, estoppel, negligence, gross negligence, and breach of the duty of good faith and fair dealing.

In points of error one through thirteen, Riggs challenges the trial court's refusal to submit requested instructions. Tex.R.Civ.P. 277 states that "[t]he court shall submit such instructions and definitions as shall be proper to enable the jury to render a verdict." A trial court has wide discretion in implementing this rule. *See Mobil Chemical Co. v. Bell*, 517 S.W.2d 245, 256 (Tex.1974). An explanatory instruction is proper if it is a correct statement of the law as applicable to the facts. *See Harris v. Harris*, 765 S.W.2d 798, 801 (Tex.App.—Houston [14th Dist.] 1989, writ denied). The trial court should, however, refuse to submit unnecessary in-

structions even if they represent correct statements of the law. *Louisiana & Arkansas Ry. Co. v. Blakely*, 773 S.W.2d 595, 599 (Tex.App.—Texarkana 1989, no writ). A trial court's refusal to submit requested instructions will be upheld unless the court abused its discretion. *Magro v. Ragsdale Bros., Inc.*, 721 S.W.2d 832, 836 (Tex.1986). The standard of review of a trial court's refusal to submit requested instructions is whether the requested instructions were so necessary to enable the jury to render properly a verdict that the court's refusal probably caused the rendition of an improper verdict. *Steinberger v. Archer County*, 621 S.W.2d 838, 841 (Tex.App.—Fort Worth 1981, no writ).

■ In points of error four and eight, Riggs claims the trial court erred in refusing to submit the following instruction in connection with jury questions one and four:

> You are further instructed that a salesman for an insurance company who is selling an insurance policy to a client has a duty to explain the terms of the application to the client.

■ Riggs contends this instruction was necessary because the salesman did not explain to Ramirez that the policy coverage extended for six months rather than one year. Further, Riggs claims this requested instruction is a correct statement of the law, taken from *McNeill v. McDavid Insurance Agency*, 594 S.W.2d 198, 203 (Tex. Civ.App.—Fort Worth 1980, no writ). Although the requested instruction contains a direct quote from the *McNeill* case, the instruction omits other language explaining when this duty on the part of an insurance agent is applicable. The *McNeill* court stated that the duty of a soliciting agent depends on whether the solicitor is the agent of the applicant or of the insurer. *Id.* If the soliciting agent is the agent of the applicant, then he has the duty to explain the terms of and coverages included in the application. *Id.* If, on the other hand, the solicitor is the agent for the insurer, no such duty necessarily arises. *See id.* Although the *McNeill* court maintained it did not condone unfair or decep-

tive practices, it refused to make an agent an insurer that there is no misunderstanding or mistake concerning the application for insurance. *Id.* The *McNeill* court added that whether an insurance salesman is an agent of the applicant or of the insurer, the salesman can be held liable under the DTPA if there is evidence of intent to deceive or induce the applicant. *Id.*

Question one asked the jury whether the salesman, employed by Sentry, misrepresented an insurance policy to Ramirez. This question contained the following definition of the term "misrepresent:"

> 1) any failure to state a material fact necessary to make the statements made (considered in the light of the circumstances under which they are made) not misleading; or
>
> 2) any failure to disclose any matter required by law to be disclosed.

The language in the first part of this definition could sufficiently encompass Riggs' allegation that Sentry's salesman failed to advise Ramirez that the policy was effective for 6 months, rather than one year. Thus, in our opinion, the requested instruction was unnecessary. We overrule point of error four.

■ Question four asked whether Sentry should be estopped from denying Ramirez coverage for the accident. An explanatory instruction described the following elements of estoppel required for an affirmative answer:

> 1. Sentry had actual or constructive knowledge of the facts not disclosed;
>
> 2. Sentry by its actions or silence when there was a duty to speak worsened or prejudiced the position of Mr. Ramirez;
>
> 3. Mr. Ramirez relied upon the actions or silence to his prejudice.

This explanatory instruction also sufficiently set out the issue whether Sentry's salesman failed to advise Ramirez that the policy was effective only for six months. We find that Riggs' requested instruction was unnecessary. We overrule point of error eight.

■ In points of error ten and eleven, Riggs claims the trial court erred in re-

fusing to submit the following requested instruction to jury questions five and six:

You are further instructed that any question at SENTRY whether or not there was coverage for RIGGS' claim against SAMUEL RAMIREZ must not be considered in deciding Question No. [5 or 6]. That is, you must consider Question No. [5 or 6] and the above instruction as though there was no question at SENTRY that such coverage existed when RIGGS made his offer to settle.

Jury question five asked whether Sentry was negligent in refusing Riggs' offer to settle his lawsuit against Ramirez for $25,000.00. Jury question six asked whether Sentry's refusal to accept the settlement offer was a breach of Sentry's duty of good faith and fair dealing.

Riggs claims that questions five and six were initially tendered as conditional upon an affirmative answer to either question three (waiver) or four (estoppel). The record, however, does not reflect this. Riggs also admits that no Texas cases support the requested instruction except by analogy. In this regard, Riggs cites *Gulf Insurance Company v. Parker Products, Inc.*, 498 S.W.2d 676 (Tex.1973) and *Womack v. Allstate Insurance Company*, 156 Tex. 467, 296 S.W.2d 233 (1956). These cases involved construction of a policy provision requiring compliance with all terms of the policy and a final determination of the insured's obligation, either by judgment or by written agreement, as condition precedent to filing suit against the insurance company. *See Gulf Ins. Co.*, 498 S.W.2d at 679; *Womack*, 296 S.W.2d at 236. The courts in these cases held that an insurance company may not insist on compliance with this condition where it refuses to defend a suit or to agree to a settlement on the erroneous ground that it has no responsibility under the policy. *Gulf Ins. Co.*, 498 S.W.2d at 679; *Womack*, 296 S.W.2d at 237. Compliance with such a policy condition was not at issue in this case. Thus, we do not find the holdings in these cases applicable and the trial court did not err in refusing to submit the requested instructions. We overrule points of error ten and eleven.

In point of error five, Riggs claims the trial court erred in refusing to submit the following instruction to jury question two:

You are further instructed that entry of judgment against a person is actual damage to the person in the amount of the judgment.

Question two asked the jury what sum of money would fairly and reasonably measure the actual damages, if any, caused to Ramirez by Dolphus Derry's misrepresentation, if any. In support of this instruction, Riggs cites *Allstate Insurance Company v. Kelly*, 680 S.W.2d 595, 605 (Tex. App.—Tyler 1984, writ ref'd n.r.e.). In *Kelly*, the jury found that the insurer failed to settle the insured's claim and that this failure constituted negligence, gross negligence, and that such failure was an unfair practice and an unconscionable course of conduct that proximately caused entry of a judgment against the insured. *Id.* at 601. The jury also found that the insurer committed a number of other unfair and deceptive acts resulting in entry of judgment against the insured. *Id.* Regarding the amount of actual damages based on the jury's liability findings, the court said:

In this case no actual damage issue was required to be submitted because the actual damages sustained by the [plaintiffs] under each cause of action asserted herein were fixed as a matter of law in the amount of the excess of the judgment rendered against her in favor of [the insured-defendant] over the applicable policy limits in Allstate's policy.

*Id.* at 606.

In *Kelly*, the plaintiff was the insured and the jury questions indicate that the damage claimed by the plaintiff was the entry of a judgment in excess of policy limits. *See id.* at 601. Because the amount of damage was fixed, no damage issue was submitted to the jury. *Id.* at 606. Here, an actual damages issue was submitted. The jury had evidence of the amount of the judgment against Ramirez. Thus, Riggs' requested instruction was un-

necessary. We find no error by the trial court in refusing to submit this instruction. We overrule point of error five.

■ In point of error one, Riggs claims the trial court erred in refusing to submit the following requested instruction to all jury questions:

Beginning January 1, 1982, Texas law provided that no motor vehicle could be operated in Texas unless it was covered by liability insurance in minimum amounts.

The trial court refused this instruction noting that it is common knowledge. We agree that this instruction was unnecessary to the jury's determination of the issues submitted. We overrule point one.

■ In points of error two and three, Riggs claims the trial court erred in refusing to submit the following instructions to all questions:

You are instructed that a corporation acts through its agents and employees performing their jobs, or put another way, the acts of a corporation's agents and employees in performing their jobs are, under the law, the acts of the corporation.

You are further instructed that a corporation is considered, under the law, as having the knowledge acquired by its employees and its agents, including its attorneys, in the performance of their jobs.

These instructions were unnecessary to the jury's determination of any issues submitted. Therefore, the trial court committed no error in refusing to submit them. We overrule points two and three.

■ In points of error six and seven, Riggs contends the trial court erred in refusing to submit the following requested instruction to jury questions three and four:

You are instructed that when an insurance policy provides that a renewal premium shall be paid by a stipulated day or the policy shall automatically terminate, then failure to pay the renewal premium terminates the policy unless there is a waiver or estoppel.

This instruction was unnecessary to the jury's determination whether Sentry waived its right to rely on the termination date in the written policy or whether Sentry was estopped from denying Ramirez coverage for the accident. The trial court did not err in refusing to submit this instruction. We overrule points six and seven.

■ In point of error nine, Riggs contends the trial court erred in refusing to submit the following instruction to jury question five:

You are instructed that "NEGLIGENCE" as used in this question means the failure to exercise that degree of care and diligence which an ordinarily prudent person would exercise in the management of his or her own business. If an ordinarily prudent person in the exercise of ordinary care, as viewed from the standpoint of SAMUEL A. RAMIREZ, would have accepted RIGGS' offer to settle his lawsuit, then SENTRY was negligent.

The instructions that were submitted with jury question five essentially included the language in the requested instruction, but provided a more detailed explanation of negligence and of ordinary care. The submitted instructions are as follows:

"NEGLIGENCE" as used in this special issue means the failure to exercise that degree of care and diligence which an ordinarily prudent person would exercise in the management of his own Bbusiness [sic]. If an ordinarily prudent person in the exercise of ordinary care, as viewed from the standpoint of the insured, would have settled the case, but the defendant failed or refused to do so, then the defendant is negligent. The duty to settle implies the duty to negotiate.

You are further instructed that under the law of Texas, an insurance carrier is required to exercise ordinary care in considering whether an offer of settlement should be accepted and whether it should offer the liability limits of its insurance policy but it is not necessarily a failure to exercise ordinary care merely because its decision proves to be wrong by reasons

of a jury verdict; in other words, the duty to exercise ordinary care leaves room for an error in judgment, without negligence necessarily resulting therefrom.

We find no error by the trial court in refusing to submit the requested instruction. We overrule point of error nine.

In points of error twelve and thirteen, Riggs challenges the trial court's refusal to submit requested instructions to jury questions seven and eight. The instruction requested for jury question seven, regarding whether Sentry's unfair refusal to accept Riggs' settlement offer was committed knowingly, is as follows:

> You are instructed that conduct is committed "knowingly" when it is committed with actual awareness of the unfairness of the conduct. "Actual awareness" may be inferred where objective manifestations indicate that an individual or a corporation acted with actual awareness. You must consider it as though conclusively proven that SENTRY INSURANCE was at all times actually aware of the law of Texas, and of all knowledge acquired by its employees and agents, including its attorneys, in the performance of their jobs.

Riggs also requested the following instruction to jury question eight regarding whether Sentry was grossly negligent in refusing to accept Riggs' settlement offer:

> You are further instructed that you must consider it as though conclusively proven that SENTRY, at all times, knew the law of Texas and all knowledge acquired by its employees and agents, including its attorneys, in the performance of their jobs.

The instructions actually submitted with questions seven and eight adequately defined the terms "knowingly," "actual awareness," and "gross negligence." We find no error by the trial court in refusing the requested instructions. We overrule points of error twelve and thirteen.

In point of error fourteen, Riggs claims the trial court erred in sustaining Sentry's objection to the introduction of

certain deposition testimony of Daniel J. Giblin, a senior corporate claims specialist for Sentry. The question asked of Mr. Giblin was as follows:

> Q. Well, Mr. Giblin, the effect of the issuance of this memorandum of insurance on the one hand to Gene Owens Motors and as I read Sentry not notifying anyone at Gene Owens Motors about the renewal or termination of Samuel Ramirez' insurance, a result of that was that on August 30, 1982, when Ramirez' Camaro was stolen, Gene Owens as well as Samuel Ramirez thought that Ramirez still had insurance for that loss with Sentry; isn't that right?

Although the record indicates that Giblin answered this question and then Sentry's counsel objected, both Riggs and Sentry agree that the transcription is incorrect and that the objection occurred after the question, the trial court sustained the objection, and the answer was not read to the jury. Sentry objected to the question on the ground that it called for the witness to speculate about what Owens or Ramirez thought and called for a conclusion based on the state of mind of someone else.

Sentry contends Riggs never offered the evidence after the objection was sustained and has failed to preserve any error. To preserve error on appeal, a party complaining about exclusion of evidence ordinarily must make a bill of exception. *See* TEX.R.APP.P. 52(b)–(c). Although the record does not reflect that Riggs made a bill of exception, the excluded testimony is in the record before us and thus, we may review Riggs' claim of error.

To obtain reversal of a judgment based on error in the admission or exclusion of evidence, a party must show that the trial court's ruling was in error and that the error was calculated to cause and probably did cause rendition of an improper judgment. *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex. 1989). *See also* TEX.R.APP.P. 81(b)(1). Reversible error does not usually occur in connection with rulings on admission or exclusion of evidence unless the complaining party can demonstrate that the whole

case turns on the excluded or admitted evidence. *Stevenson v. Koutzarov*, 795 S.W.2d 313, 318 (Tex.App.—Houston [1st Dist.] 1990, writ denied).

Sentry claims the trial court correctly sustained the objection because the question asked the witness to testify about what someone else allegedly thought. Sentry does not, however, provide us with any authority for this claim. We note that TEX.R.CIV.EVID. 602 contains a threshold requirement that witnesses may only testify to matters within their personal knowledge. An exception to this requirement is the testimony of expert witnesses. *See* TEX. R.CIV.EVID. 602, 703.

Riggs contends that Giblin was qualified to give an expert opinion as to the reasonable inferences one could draw from the evidence of no notification of termination of Ramirez' insurance. Riggs' question to the witness does not indicate that he is asking the witness for an expert opinion. We agree with Sentry that the question asks the witness to speculate about what Owens and Ramirez thought on August 30, 1982 regarding the status of Ramirez' insurance. This does not ask for testimony satisfying the Rule 602 requirement of testimony about matters within a witness' personal knowledge. Accordingly, we find no error in the trial court's ruling.

■ Even if we had found error by the trial court in sustaining Sentry's objection to this testimony, we would find no reversible error. This testimony consisted of Giblin's assessment that Sentry's claim file indicated, as of August 30, 1982, both Gene Owens and Ramirez thought that Ramirez' insurance policy was still in effect. Riggs claims that this was an admission by Sentry of their awareness, before the accident, that Ramirez did not know the policy had lapsed. Sentry's file status documentation indicating this awareness was admitted into evidence. Thus, if the trial court had committed error in excluding Giblin's testimony, such error was harmless.

■ In point of error fifteen, Riggs claims the trial court erred in denying his third motion to compel discovery in which Riggs sought Sentry's claim file for the period September 25, 1985 to February 27, 1986. These documents were under seal pursuant to Sentry's request. The trial court held a hearing and reviewed the documents in camera. Based on its review, the trial court issued an order holding the documents not discoverable.

■ The standard of review of a trial court's pretrial discovery order is whether the trial court abused its discretion in granting or denying the discovery. *John-son v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). A trial court abuses its discretion only when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.; Terrell State Hospital v. Ashworth*, 794 S.W.2d 937 (Tex.App.—Dallas 1990) (orig. proceeding).

Sentry contends these documents were privileged from discovery pursuant to the attorney-client privilege, the investigative privilege of Rule 166b(3)(d), and the work product privilege. Again, Sentry has cited no authority supporting its contentions.

The rules of evidence provide for waiver of a claim of privilege if the holder of the privilege "voluntarily discloses or consents to disclosure of any significant part of the privileged matter unless such disclosure itself is privileged...." TEX.R.CIV.EVID. 511. In support of his claim of waiver, Riggs cites *Terrell State Hospital v. Ashworth*, 794 S.W.2d 937 (Tex.App.—Dallas, 1990) (orig. proceeding). In *Ashworth*, the trial court found that Terrell waived its claim of the statutory hospital committee privilege. *Id.* at 939. The appellate court found no clear abuse of discretion because, under the facts, the trial court could have concluded that the hospital administrator disclosed information and conclusions from the allegedly privileged psychological autopsy report. *Id.* at 940.

Riggs contends that Sentry disclosed significant parts of the allegedly privileged material to its attorney, Mr. Lueders, and waived all claims of privilege in certain discovery responses. Riggs first points to the following answers to Riggs' interroga-

tories as partial disclosure resulting in waiver:

1. In Sentry's answer to Riggs' Interrogatory No. 15, Sentry stated that the reason it refused Riggs' February 18, 1986 offer to settle his claim against Ramirez for $25,000 was that "There was no coverage." In his deposition (p. 101, 1.2—p. 102, 1.2), Dan Giblin stated, regarding the coverage question, that in September, 1985, he referred the Riggs/Ramirez matter to an attorney for advice. That the attorney was Mr. Lueders is admitted by Sentry. State whether or not Sentry's refusal of Riggs' offer to settle was based in part on advice from Mr. Lueders regarding coverage. ANSWER: The file was sent to David Lueders in order for him to file this declaratory judgment suit. The opinion and advise [sic] of our attorney is always sought in any matter being handled by our attorney. The rejection of the offer to settle was based upon the fact of no coverage. That fact of no coverage was confirmed by David Lueders, and he filed suit.

2. If the answer to Interrogatory No. 1 is in the affirmative, state what Mr. Lueders' advice to Sentry regarding coverage was.

ANSWER: David Lueders followed our request and filed this suit. His opinion concurred with ours and he has always been of the opinion that there was no coverage and there was no waiver or estoppel.

Riggs also contends the following excerpt from the deposition of Daniel Giblin is a disclosure resulting in waiver:

Q. Mr. Giblin, are there documents that Sentry has which are after September 25, 1985, and before February 27, 1986, which are called for by this notice of deposition here and which are not communication with Mr. Lueders or work that he created?

MR. LUEDERS: No.

THE WITNESS: No.

This response does not support Riggs' contention, but instead supports the trial court's ruling. Based on these discovery responses, we hold the trial court could have concluded that Sentry did not waive any privilege by disclosing significant parts of the allegedly privileged material or by disclosing information derived from significant parts of this material.

Riggs next contends that the work product privilege and the party communications privilege are inapplicable. We disagree. Under Rule 166b(3)(a), the work product of an attorney is protected from disclosure by privilege. Riggs cites a number of federal cases holding that the work product privilege is inapplicable where the requested documents are relevant to a ground of recovery or defense in a later case, and the need for their production is compelling. Neither the Texas rules nor the case law construing them holds that a party may obtain discovery of work product on the ground of compelling need.

The requested documents are Sentry's claim file from September 25, 1985 to February 27, 1986. This period is during the pendency of the Riggs lawsuit against Ramirez and includes the date upon which Sentry received Riggs' settlement offer. Sentry did not respond to this settlement offer, but in response to subsequent interrogatories, Sentry admitted that it refused to accept the offer on the ground that Ramirez had no coverage. Sentry was not a party to Riggs' suit. Following entry of judgment in favor of Riggs and assignment of Ramirez' claims against Sentry to Riggs, Riggs sent a demand letter to Sentry and Sentry instituted the instant declaratory action. Based on these facts, the trial court could have concluded that the requested documents constituted work product. We find no clear abuse of discretion by the trial court in this regard.

Finally, Riggs argues the party communications privilege is inapplicable. Rule 166b(3)(d) protects from disclosure all communications between agents or representatives of a party to the action or communications between a party and that party's agents or representatives when made subsequent to the occurrence upon which suit is based and in connection with the prosecution, investigation or defense of the suit,

or in anticipation of the prosecution or defense of claims made a part of the pending litigation. A party may obtain discovery of party communications by showing substantial need and "that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means...." TEX.R.CIV.P. 166b(3)(e).

Riggs contends the requested documents were created before the occurrence upon which the suit was based, the judgment against Ramirez, and were created before Sentry could have anticipated Riggs' claims of wrongful refusal to settle. Even if we were to find the party communications privilege inapplicable, however, we have already upheld the trial court's decision to withhold discovery of these documents based on the attorney-client and work product privileges. Thus, we need not determine whether the party communications privilege is or is not applicable. We overrule point of error fifteen.

We affirm the judgment of the trial court.