Peggy **ROOT**, Angela Root, Raylin Massey, George Root and Judy Hall Cummings, Appellants,

v.

Eugene A. **BRODHEAD**, Receiver For Carriers Insurance Company, in Receivership, Appellee.

No. 3–92–189–CV.

Court of Appeals of Texas, Austin.

May 5, 1993.

Motion to Publish Granted June 9, 1993.

Kevin Burchfield, Waldman, Smallwood, Grossman & Carpenter, P.C., Nederland, for appellants.

Paul D. Carmona, Morehead Jordan & Carmona, Austin, for appellee.

Before POWERS, ABOUSSIE and B.A. SMITH, JJ.

POWERS, Justice.

Peggy Root, Angela Root, Raylin Massey, George Root, and Judy Hall Cummings ("the plaintiffs") appeal from a summary judgment granted Eugene A. Brodhead, receiver for Carriers Insurance Company ("the receiver") in plaintiffs' action upon a rejected claim pursuant to Tex.Ins. Code Ann. art. 21.28, § 3(h) (West Supp. 1993). We will affirm the judgment.

## THE CONTROVERSY

On January 30, 1985, a collision occurred between an automobile driven by plaintiff Angela Root and a truck driven by James M. Moffett. Moffett's employer, Mercury Transportation, Inc., owned the truck and was insured by Carriers Insurance Company.

A court of competent jurisdiction ordered Carrier Insurance Company into receivership February 3, 1986. In September and October that same year, plaintiffs filed claims with the receiver, pursuant to Tex. Ins.Code Ann. art. 21.28, § 3, seeking approval of their claims against the insurer and a resulting payment for injuries the plaintiffs allegedly sustained in the collision. At the times material to the present cause, the statute provided that "any person who has a cause of action against an insured" of an insurer in receivership, "under a liability insurance policy issued by such insurer," may file a claim with the receiver; and the receiver may approve such claim under specified conditions. One specified condition was that "it may be reasonably inferred from the proof presented upon such claim that" the claimant "would be able to obtain a judgment upon such cause of action against such insured." *Id.*

In addition to filing their claims with the receiver, the plaintiffs filed suit in district court against Moffett and Mercury Transportation, Inc. to recover compensatory damages for the injuries allegedly sustained in the collision. They filed their suit on October 29, 1986, averring a common-law cause of action for negligence in Moffett's operation of the truck. The cause proceeded to trial before a jury. The jury declined to find that Moffett's negligence, if any, was a proximate cause of the collision and the plaintiffs' resulting injuries. Based upon the verdict, the trial-court judgment, signed April 19, 1991, ordered that the plaintiffs take nothing. The judgment has now become final.

On April 25, 1991, the plaintiffs received written notice from the receiver that he rejected their claims. Under the version of article 21.28, section 3(h) in effect at the time, persons having rejected claims were authorized to bring an action thereon within three months after service of such notice. "Such action shall be de novo as if originally filed in said court and subject to the rules of procedure and appeal applicable to civil cases." *Id.* The plaintiffs timely filed their statutory action. On motion for summary judgment, the trial court sustained the receiver's contention that the plaintiffs' claims were barred by the doctrine of collateral estoppel as a consequence of the final judgment in their suit against Moffett and Mercury Transportation, Inc., wherein the plaintiffs had failed to recover on their action based on common-law negligence. This appeal ensued.

### DISCUSSION AND HOLDINGS

The plaintiffs contend on appeal that the summary judgment is erroneous because the record does not establish as a matter of law that the doctrine of collateral estoppel barred their statutory cause of action against the receiver. As indicated in our discussion below, the element of proximate cause, which the jury failed to find in the plaintiffs' common-law action for negligence, is an essential element to their recovery on their claims against the receiver. If that element cannot be established, owing to the doctrine of collateral estoppel, summary judgment was proper. *See Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970).

■ The doctrine of collateral estoppel generally precludes relitigation of a fact issue that was actually litigated in a previous lawsuit where the issue was essential to the judgment. *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 818 (Tex. 1984). This is true even if the second proceeding is based on a different cause of action. *Id.* The purpose of the doctrine is to preserve the finality of judgments and to promote judicial economy. *Bell v. State,* 727 S.W.2d 806, 808 (Tex.App.—Austin 1987, writ ref'd n.r.e.). To assert success-

fully the bar of collateral estoppel, the proponent must establish the following: (1) the fact to be litigated in the second suit was fully and fairly litigated in the earlier suit; (2) the fact was essential to the judgment in the first suit; and (3) the parties were cast as adversaries in the first suit. *See Bonniwell,* 663 S.W.2d at 818. The plaintiffs contend the record does not establish as a matter of law any of the three elements and, in consequence, the trial court erred in sustaining the motion for summary judgment on the ground of collateral estoppel.

■ *A full and fair litigation of the facts in the first suit.* The plaintiffs concede the issue of negligence and its included element of proximate cause were litigated in their common-law cause of action against Moffett and his employer, Mercury Transportation, Inc. The plaintiffs argue, however, that there are *additional* issues in their action against the receiver; and because these issues were *not* litigated in the earlier suit, the bar does not arise. We reject the argument. The court declared as follows in *Wilhite v. Adams,* 640 S.W.2d 875, 876 (Tex.1982): "Collateral estoppel does not require that all the issues in the subsequent action be the same as those in the prior suit. It merely precludes the same issues from being reurged."

*A fact essential to the judgment in the first suit.* The plaintiffs argue that the additional fact issues in their suit against the receiver also preclude interposing the bar of collateral estoppel because these issues were not essential to the judgment in the first suit. We reject the argument for the reasons given in the preceding paragraph. The issue-preclusion effect of collateral estoppel applies to any fact that was fully and fairly litigated in the first action; the presence of other facts in either suit does not alter the matter. *Wilhite,* 640 S.W.2d at 876.

■ *Parties cast as adversaries in the first suit.* The plaintiffs argue that since the receiver was not a party in their suit against Moffett and his employer Mercury Transportation, Inc., the plaintiffs and the receiver were not cast as adversaries in

that earlier suit. Courts have often held that the doctrine may be invoked by those having an interest in the first suit, although they were not actually a party to it. This topic is discussed at length in *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 362–64 (Tex.1971). While no general rule controls the matter, the doctrine is available to one whose interest was determined in the earlier suit, even though he was not actually a party, because his interest was identical to that of a person who was a party. *Id.* at 363. Such is the case here. The interest of the receiver arises under the liability insurance policy issued by the insurer. Under such a policy, the insurer is responsible for discharging the legal obligation incurred by the insured by reason of his negligence. *Brightwell v. Rabeck*, 430 S.W.2d 252, 255 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n.r.e.). We therefore reject the plaintiffs' argument.[1]

The touchstone of the doctrine of collateral estoppel, in the sense of issue preclusion, is that a party is entitled to one full and fair opportunity to litigate the issue in question. "Due process requires that the rule of collateral estoppel operate only against persons who have had their day in court either as a party to the prior suit or as a privy, and, where not so, that, at the least, the presently asserted interest was actually and adequately represented in the prior trial." *Benson*, 468 S.W.2d at 363. In *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1 (Tex.1986), the existence of a "Mary Carter" agreement in the first suit raised the possibility that a jury verdict was obtained without full and fair litigation. This possibility was the object of the court's remark when it stated that "relitigation of the issue is not necessarily precluded where significant differences exist between the two proceedings." *Scurlock Oil Co. v. Smithwick*, 787 S.W.2d 560, 562 (Tex.App.—Corpus Christi 1990, no writ). This remark cannot be enlarged into a general rule that the bar of collateral estoppel is precluded whenever there are "significant differences" between the two lawsuits. For the reasons given, we overrule the plaintiffs' first and second points of error.

■ In their third point of error, the plaintiffs contend the summary judgment was erroneous because section 3(h) of the Insurance Code provides that a statutory cause of action on the rejected claim "shall be de novo as if originally filed in said court." Because the trial must be "de novo," the plaintiffs argue, the doctrine of collateral estoppel was not available in the "new suit" and all facts may be tried anew by simple force of the statute.

We reject the argument. It is plain that the reference to a trial de novo reflects a legislative intention to provide for a judicial trial in lieu of the preceding administrative determination by the receiver—a trial in which the court was free to weigh the evidence adduced in court and to determine the facts anew as if there had been no preceding decision by the receiver regarding the facts or the law. Such a trial was not intended to be a *review* of the receiver's decision, but a new and original trial in court. *See generally Southern Canal Co. v. State Bd. of Water Eng'rs*, 318 S.W.2d 619, 622 (Tex.1958). Since such a trial was to be entirely new, the doctrine of collateral estoppel would be available as in the ordinary case in a judicial trial. We hold accordingly and overrule the plaintiffs' third point of error.

■ The plaintiffs contend in their fourth point of error that section 4(f) of the Insurance Code precluded summary judgment. That statute provides that any judgment or order rendered in any pending action, by or against the receiver, after commencement of the delinquency proceeding against the insurer, shall not be binding upon the receiver unless he was a party to

---

1. Since Texas has abandoned the requirement of mutuality in the context of collateral estoppel, *see Eagle Properties, Ltd. v. Scharbauer*, 807 S.W.2d 714, 721 (Tex.1990), we are not implying that in order to have been cast as adversaries in the first suit the party asserting the doctrine had to have either been a party to the first suit or have had an interest in it. *See Hardy v. Fleming*, 553 S.W.2d 790 (Tex.Civ.App.—El Paso 1977, writ ref'd n.r.e.). We are simply pointing out that in this case the parties *were* cast as adversaries in the previous suit in legal contemplation.

the pending action. The plaintiffs argue that the receiver is denied the protection of collateral estoppel because he was not himself bound by any judgment in the first suit. We reject the argument for two reasons. First, Texas has abandoned the requirement of mutuality in the context of collateral estoppel. *See Eagle Properties, Ltd.,* 807 S.W.2d at 721. The doctrine of collateral estoppel applies when the party *against* whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the first suit. It is sufficient that the *plaintiffs* were parties in the first suit and the doctrine is asserted *against them* in the second suit. *Id.* Secondly, section 4(f) does not apply here because it refers to a pending action *by or against the delinquent insurer;* the previous suit was, in this instance, initiated by the plaintiffs against the driver Moffett and his employer, Mercury Transportation, Inc. We therefore overrule the plaintiffs' fourth point of error.

In points of error five and six, the plaintiffs contend the summary judgment against them is unconstitutional. We need not address the particulars of the plaintiffs argument under these points because they were not raised in trial court and are urged for the first time on appeal. *See City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 679 (Tex.1979). We therefore overrule points of error five and six.

For the reasons given, we affirm the trial-court judgment.