Opinion issued May 8, 2008 





 



 










In The

Court of Appeals

For The

First District of Texas






NO. 01-07-01103-CV

____________


CANDAUCE NEAL, Appellant


V.


GEORGE GARCIA-HORRERIOS, Appellee






On Appeal from the County Civil Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 862147






MEMORANDUM OPINION

 Appellant, Candauce Neal, challenges the trial court's summary judgment
rendered in favor of appellee, George Garcia-Horrerios, in Neal's suit against Garcia-Horrerios for negligence. In two issues, Neal contends that the trial court erred in
granting Garcia-Horrerios summary judgment based upon her lack of "due diligence"
in obtaining service of process upon Garcia-Horrerios, after the statute of limitations
expired, because she presented an issue of fact and the summary judgment ruling
violated her constitutional right to a jury trial. (1)

 We affirm. (2)


Procedural Background

 Neal filed suit against Garcia-Horrerios on April 13, 2006, three days before
the pertinent statute of limitations could have expired on April 16, 2006. Neal did not
serve Garcia-Horrerios until May 15, 2007. On June 11, 2007, Garcia-Horrerios filed
his answer, alleging as an affirmative defense that the statute of limitations barred
Neal's suit against him. He subsequently filed a motion and amended summary
judgment motion, asserting that Neal did not use "due diligence" in effecting service
upon him after the statute of limitations had expired. 

 In his amended summary judgment motion, Garcia-Horrerios asserted that, on
August 11, 2006, the Harris County Constable's Office had informed Neal that it had
the incorrect address for Garcia-Horrerios. Subsequently, on August 18, 2006, Neal
requested, and obtained, "a special agent for service of process"--Danny Harvey--in
an effort to serve Garcia-Horrerios.

 Neal attached to her second amended response to Garcia-Horrerios's summary
judgment motion exhibits to explain the delay in serving Garcia-Horrerios. In Exhibit
"A-3," Neal's "Verified Motion to Retain," filed on January 23, 2007, she asserted
that the Harris County Constable's Office had made "several attempts" to serve
Garcia-Horrerios and that the Harris County Constable's Office had since notified
Neal that it had an incorrect address for Garcia-Horrerios. Although Neal asserted
in the motion that she had "determined" Garcia-Horrerios's current address and was
seeking to serve Garcia-Horrerios, she did not specify the dates that the Harris County
Constable's Office attempted to serve Garcia-Horrerios or the date she learned that
it had an incorrect address for Garcia-Horrerios. She also did not state when she
learned of Garcia-Horrerios's correct address.

 In Exhibit "B," Neal attached the affidavit of Harvey, who testified that, on
January 10, 2007, he unsuccessfully attempted to serve Garcia-Horrerios. In Exhibit
"C," Neal attached the affidavit of Alana Willis, who testified that the most
reasonably effective way to serve Garcia-Horrerios was to deliver a copy of the
citation to anyone over sixteen years of age at 11462 Travelers Way. In Exhibit "B-4" to her response, the "Officer's Return" shows that Garcia-Horrerios was served on
May 18, 2007.

Statute of Limitations

 In her first issue, Neal argues that the trial court erred in granting summary
judgment in favor of Garcia-Horrerios based on her lack of diligence in serving Neal
after the statute of limitations had expired because she filed her suit within the statute
of limitations period and "[t]he issue of due diligence of service presented to the trial
court was . . . a factual issue which properly required determination by the jury, rather
than the [trial] court."

 A plaintiff must bring a suit for personal injuries within two years from the
time the cause of action accrued. See Tex. Civ. Prac. & Rem. Code Ann. § 16.003
(Vernon Supp. 2007). However, a timely filed suit does not interrupt the running of
the statute of limitations unless the plaintiff exercised due diligence in the issuance
and service of the citation. Proulx v. Wells, 235 S.W.3d 213, 215 (Tex. 2007). If the
plaintiff diligently effected service after the expiration of the statute of limitations,
the date of service relates back to the date of filing. Id. 

 To obtain summary judgment on the ground that a plaintiff did not serve her
suit within the statute of limitations period, a defendant must show that, as a matter
of law, the plaintiff did not exercise due diligence to effect service. See id. at 216. 
When the defendant affirmatively pleads the statute of limitations defense and shows
that the plaintiff effected service after the expiration of the statute of limitations, the
plaintiff bears the burden to "explain the delay" in service. Id. Thus, the plaintiff has
the burden to present evidence regarding the efforts that she made to serve the
defendant and to explain every lapse in effort or period of delay. Id. The plaintiff's
explanation of her service efforts may demonstrate, as a matter of law, a lack of
diligence, as when the plaintiff does not explain one or more lapses between service
efforts or her explanations are patently unreasonable. Id. However, if the plaintiff's
explanation for the delay raises a material fact issue concerning the plaintiff's
diligence of service efforts, the burden shifts back to the defendant to conclusively
show why, as a matter of law, the plaintiff provided an insufficient explanation. Id.

 In assessing the plaintiff's diligence, "the relevant inquiry is whether the
plaintiff acted as an ordinarily prudent person would have acted under the same or
similar circumstances and was diligent up until the time the defendant was served." 
Id. We examine "the time it took to secure citation, service, or both, and the type of
effort or lack of effort the plaintiff expended in procuring service." Id.

 We review a summary judgment de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). We take as true all evidence favorable to the
nonmovant, and we indulge every reasonable inference and resolve any doubts in the
nonmovant's favor. Id. 

 In support of her argument that there is "a genuine fact issue" as to whether she
used due diligence in effecting service upon Garcia-Horrerios, Neal relies upon Ellis
v. Great Southwestern Corp., 646 F.2d 1099 (5th Cir. 1981). In Ellis, on June 14,
1979, the trial court granted a motion to transfer the cause from a federal district court
in Arkansas to a federal district court in Texas; the plaintiff asserted that, on August
22, 1979, he attempted to serve the defendants; on December 17, 1979, the docket
sheet had a "mysterious" notation that stated that the summons was reissued after a
"[c]lerk's error"; and, on December 21, 1979 and January 16, 1980, the plaintiff
effectuated service on the defendants. Id. at 1101-02. The United States Court of
Appeals for the Fifth Circuit held that there was a factual issue as to whether or not
the plaintiff diligently effected service upon the defendants because of the
"mysterious docket entry that refers to the 'clerk's error' in failing to issue process
in August." Id. at 1114. However, here, there is no such evidence to explain Neal's
delays in effecting service upon Garcia-Horrerios.

 In regard to two significant time periods, Neal did not provide any summary
judgment evidence to explain the delay of her efforts to serve Garcia-Horrerios. As
noted by Garcia-Horrerios, on August 11, 2006, the Harris County Constable's Office
had informed Neal that it was not attempting to serve Garcia-Horrerios because it had
an incorrect address. Although Neal obtained a process server on August 18, 2006,
the process server did not attempt to serve Garcia-Horrerios until January 10, 2007,
approximately five months later. Neal does not provide any explanation for her
failure to serve Garcia-Horrerios during this approximate five-month time period. 
See Taylor v. Thompson, 4 S.W.3d 63, 65 (Tex. App.--Houston [1st Dist.] 1999, pet.
denied) (noting that "[i]t is the responsibility of the party requesting service, not the
process server[,] to see that service is properly accomplished"). 

 Also, from January 10, 2007 until April 13, 2007, the evidence does not show
any explanation for Neal's failure to serve Garcia-Horrerios. See Boyattia v.
Hinojosa, 18 S.W.3d 729, 734 (Tex. App.--Dallas 2000, pet. denied) (finding no due
diligence with unexplained three-month delay); Webster v. Thomas, 5 S.W.3d 287,
290 (Tex. App.--Houston [14th Dist.] 1999, no pet.) (holding that plaintiff did not
exercise due diligence with unexplained delay of over four months); Holt v. D'Hanis
State Bank, 993 S.W.2d 237, 241 (Tex. App.--San Antonio 1999, no pet.)
(concluding that plaintiff did not use due diligence with unexplained three-month
delay). 

 Although Neal finally served Garcia-Horrerios on May 15, 2007,
approximately thirteen months after she had filed suit and the statute of limitations
had expired, her unexplained delays of approximately four and five months in
attempting to serve Garcia-Horrerios demonstrated a lack of due diligence as a matter
of law. See Proulx, 235 S.W.3d at 216. Accordingly, we hold that the trial court did
not err in granting Garcia-Horrerios's summary judgment motion.

 We overrule Neal's first issue.Constitutionality of Summary Judgment

 In her second issue, Neal argues that the trial court's summary judgment is
unconstitutional because it denied her "a determination of facts by a jury" in
"deprivation of the right to a jury trial as guaranteed by the United States and Texas
Constitutions." See U.S. Const. amend. VII; Tex. Const. art. I, § 15. Garcia-Horrerios argues that Neal did not preserve her issue for appellate review because she
"never raised the constitutionality of the [t]rial [c]ourt's actions prior to filing her
appeal."

 In order to preserve a complaint for appellate review, the record must
demonstrate that "the complaint was made to the trial court by a timely request,
objection, or motion" with "sufficient specificity to make the trial court aware of the
complaint." Tex. R. App. P. 33.1(a)(1)(A); see Dreyer v. Greene, 871 S.W.2d 697,
698 (Tex. 1993). "As a rule, a claim, including a constitutional claim, must have been
asserted in the trial court in order to be raised on appeal." Dreyer, 871 S.W.2d at 698. 
 Here, the record shows that Neal did not challenge the constitutionality of the
trial court's summary judgment in the trial court, and she urges it for the first time on
appeal. Accordingly, we hold that Neal did not preserve the issue for our review. See
Root v. Brodhead, 854 S.W.2d 706, 710 (Tex. App.--Austin 1993, no writ) (holding
that plaintiffs did not preserve for appellate review complaint that summary judgment
against them was unconstitutional because they raised it for first time on appeal).

 We overrule Neal's second issue. 




Conclusion

 We affirm the judgment of the trial court. 

 



 Terry Jennings

 Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.


1. See U.S. Const. amend VII; Tex. Const. art. I, § 15. 
2. Garcia-Horrerios has moved to dismiss Neal's appeal, arguing that we lack
jurisdiction to consider the appeal because "Neal did not file a motion with this Court
seeking to extend the time for filing her notice of appeal." On November 13, 2007,
the trial court signed its final judgment, and, on December 18, 2007, Neal filed her
notice of appeal. Although Neal untimely filed her notice of appeal, she did file her
notice of appeal within the fifteen-day period in which a party may file a motion to
extend time to file a notice of appeal. Accordingly, we imply that Neal timely filed
a motion for extension of time. See Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex.
1997). 


 This judicially created implication does not extend to the requirement that Neal has
to provide a reasonable explanation for her failure to timely file her notice of appeal. 
Miller v. Greenpark Surgery Ctr. Assocs., Ltd., 974 S.W.2d 805, 807 (Tex.
App.--Houston [14th Dist.] 1998, no pet.). Thus, on April 16, 2008, we ordered Neal
to file a response to Garcia-Horrerios's motion to dismiss with a "reasonable
explanation" for the late filing of her notice of appeal. See Tex. R. App. P. 10.5(b);
Jones v. City of Houston, 976 S.W.2d 676, 677 (Tex. 1998). On April 28, 2008, Neal
responded, and in her response, she detailed her trouble in calculating the notice of
appeal's deadline due to "the trial court's multiple, and inconsistent[,] orders." 
Therefore, we hold that Neal's failure to timely file her notice of appeal was not
deliberate or intentional, but was the result of inadvertence, mistake, or mischance in
the calculation of the deadline. See Hone v. Hanafin, 104 S.W.3d 884, 886 (Tex.
2003). Accordingly, we deny Garcia-Horrerios's motion to dismiss.