Opinion issued March 13, 2014



In The

# Court of Appeals

For The

# First District of Texas

---

## NO. 01-13-00176-CV

---

### THOMAS SIMS AND RAYMOND CAMPBELL, Appellants

### V.

### PATRICIA HILL FITZPATRICK AND RICHARD GUION, Appellees

---

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2006-14287**

---

### MEMORANDUM OPINION

This is the second appeal in this lawsuit brought against appellants Thomas Sims and Raymond Campbell by appellees Patricia Hill Fitzpatrick and Richard Guion. In the first appeal, we remanded for a new trial on damages. *Sims v.*

*Fitzpatrick*, 288 S.W.3d 93, 96–97 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

After the case was remanded, the parties entered into a Rule 11 settlement agreement. Guion amended his pleading to allege that Sims and Campbell breached the Rule 11 agreement and then moved for summary judgment on that basis. The trial court granted summary judgment enforcing the Rule 11 agreement, and Sims and Campbell challenge the summary judgment. We affirm.

## Background

### First Appeal

In March 2006, Fitzpatrick and Guion sued Sims and Campbell, as well as several entities owned by Sims and Campbell,[1] asserting that the defendants had committed fraud by perpetrating a Ponzi scheme. In September 2007, two months before trial, Fitzpatrick and Guion moved for death-penalty sanctions. *Id.* at 97. Guion and Fitzpatrick alleged that Sims and Campbell had refused to comply with numerous court orders compelling discovery and that the trial court had previously imposed monetary sanctions and prohibited them from conducting their own discovery as a sanction for discovery abuse. *Id.* The trial court granted Guion's and Fitzpatrick's motions for death-penalty sanctions, striking the defendants'

---

[1]    The corporate defendants were TMS Financial Services, Inc., Supernova Financial Services Corporation, and Supernova Investments, Inc.

pleading and entering judgment as to liability in favor of Fitzpatrick and Guion. *Id.*

On September 25, 2007, more than 30 days before the trial date, Sims and Campbell filed a jury demand. *Id.* On the same day, the trial court set a hearing on damages for October 3, 2007. *Id.* Sims and Campbell filed a verified motion for continuance, seeking to continue the October 3, 2007 damages hearing to November 5, 2007, the date the case had been previously set for trial. *Id.* at 97–98. Sims and Campbell noted that they had made a written demand for a jury trial, and asserted that they needed a continuance so that their new counsel could prepare for trial. *Id.* at 98.

On October 3, 2007, the trial court denied Sims and Campbell's motion for continuance, ruled that their jury demand was untimely, and conducted a bench trial on damages. *Id.* The trial court entered judgment awarding $425,000 to Guion and $888,000 to Fitzpatrick, plus interest. *Id.* All defendants were jointly and severally liable, except for TMS Financial Services, Inc., which had been dismissed before entry of judgment because it filed for bankruptcy. *Id.* at 100.

On appeal, we affirmed the imposition of death-penalty sanctions as to liability, but reversed on the issue of damages, holding that appellants' jury

3

demand was timely and that the issue of damages should have been tried to a jury. *Id.* at 104, 107. We remanded for a new trial on damages. *Id.* at 107.

### *Proceedings on Remand and Second Appeal*

On remand, the trial court set the case for trial during the two-week period beginning June 6, 2011. On June 9, 2011, attorney Susan Norman moved to substitute for the defendants' counsel and for a 90-day continuance so that she could familiarize herself with the case. The trial court continued the case to August 8, 2011, but the record contains no order granting the motion to substitute counsel.

A week after Norman appeared, the parties entered into a written Rule 11 settlement agreement. Sims and Campbell agreed to pay Guion $332,769.37 and to pay Fitzpatrick $644,000, each in 24 monthly installments. The agreement provided that if Sims and Campbell made the payments, the parties would dismiss the case, but if not, Guion and Fitzpatrick would be entitled to judgment for damages in the amount of $443,692.49 and $998,878, respectively. The Rule 11 agreement was signed by Norman, Sims, Campbell, and the attorneys for Guion and Fitzpatrick, and it was filed with the trial court.

Sims and Campbell made no payments under the Rule 11 agreement. Instead, they moved pro se to rescind the agreed judgment on the grounds that it

4

was "executed under duress, with insufficient time for said Defendants to obtain adequate legal information to agree to said document."

Shortly after Sims and Campbell moved to rescind the Rule 11 agreement, Norman moved to withdraw on the grounds that she was "unable to communicate effectively with Defendants in a manner that promotes continuation of the attorney-client relationship." The record contains no order on this motion.

Guion and Fitzpatrick moved to enter the agreed judgment. Two days before the hearing on entry of judgment, Sims filed for bankruptcy, triggering the automatic bankruptcy stay. After Sims was discharged from bankruptcy, Guion informed the trial court that the stay had been lifted and that the bankruptcy court found that Sims's debts to Guion and Fitzpatrick were non-dischargeable.

On November 26, 2012, Guion filed an amended petition, alleging that Sims and Campbell had breached the Rule 11 agreement and requesting enforcement of the Rule 11 agreement and entry of the agreed judgment. Guion also filed a traditional motion for summary judgment on the breach of contract claim and a no-evidence summary-judgment motion on the appellants' defense that they executed the Rule 11 agreement under duress. The motions were set for submission on December 17, 2012.

Five days before the submission date, on December 12, 2012, Sims and Campbell filed their summary-judgment response in which they argued that there were "significant genuine issues of material fact," and summary judgment was not appropriate. The only evidence attached to the response was the parties' 2004 agreements that formed the basis for the lawsuit. The trial court granted Guion's motion to strike the response as untimely, granted the summary-judgment motions, and entered a final judgment awarding Guion and Fitzpatrick the amounts set forth in their agreed judgment—$443,692.49 and $998,878, respectively.

## Discussion

Sims and Campbell contend the summary judgment was improper for four reasons. First, they contend that the trial court should not have enforced the Rule 11 agreement because Norman was not their attorney of record at the time they signed it. Second, they contend that the trial court failed to consider their claim that they executed the Rule 11 agreement under duress. Third, they contend that the issues of damages and duress should have been determined by a jury. Finally, they argue that the trial court was required to dismiss the case because of an order entered in the TMS Financial Services bankruptcy proceeding.

## A. Standard of Review

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v.*

6

*Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). If a trial court grants summary judgment without specifying the grounds for granting the motion, we must uphold the trial court's judgment if any of the grounds are meritorious. *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

To prevail on a no-evidence motion for summary judgment, the movant must establish that there is no evidence to support an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to each of the elements specified in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *Hahn*, 321 S.W.3d at 524.

In a traditional summary-judgment motion, the movant has the burden to show that no genuine issue of material fact exists and that the trial court should grant judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick*

*v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). A plaintiff moving for a traditional summary judgment must conclusively prove all essential elements of its claim. *See Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). If the movant conclusively establishes its cause of action, the burden shifts to the nonmovant to respond to the summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000).

**B. Did the summary judgment evidence conclusively demonstrate the existence of a valid contract binding Sims and Campbell?**

In their first issue, Sims and Campbell contend that Norman was not their attorney at the time that they executed the Rule 11 agreement and that the trial court therefore erred in finding that Guion and Fitzpatrick met their burden to conclusively prove the first element of their breach of contract claim—the existence of a valid contract.

To be entitled to traditional summary judgment on a breach of contract claim, the movant is required to conclusively prove the following elements: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained as a result of the breach. *Simien v. Unifund CCR Partners*, 321 S.W.3d 235, 247 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *Williams v. Unifund CCR Partners*, 264 S.W.3d 231, 235–36 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

Here, the summary-judgment evidence included a copy of the Rule 11 agreement and an affidavit in which Guion averred that Sims and Campbell failed to make any payments under the Rule 11 agreement, and that this failure to make payments resulted in damages. We conclude that this summary judgment evidence conclusively established that Sims and Campbell breached the Rule 11 agreement. Thus, the burden shifted to Sims and Campbell to raise a fact issue on at least one of the elements of the claim or on a defense. *See Willrich*, 28 S.W.3d at 23.

Sims and Campbell adduced no summary-judgment evidence to discharge their burden. Their untimely response was struck but, even if it had not been, it contained only evidence of the parties' 2004 agreements, which does not raise a fact issue regarding any element of the breach of Rule 11 agreement claim. On appeal, they nevertheless contend they should not be bound by the Rule 11 agreement because Norman was not their attorney of record at the time they executed it. Rule 11 provides that "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." TEX. R. CIV. P. 11. A Rule 11 agreement may be signed by attorneys for the parties, or the parties themselves. *See* TEX. R. CIV. P. 11; *see also Ebner v. First State Bank of Smithville*, 27 S.W.3d 287, 297 (Tex. App.—Austin 2000, pet.

9

denied) (Rule 11 agreement may be signed by party or party's attorney). Thus, a settlement agreement satisfies the requirements of Rule 11 if it is (1) in writing, (2) signed by the parties or their attorneys, and (3) filed with the court or entered in open court prior to a party seeking enforcement. *See* TEX. R. CIV. P. 11. Accordingly, even if Norman was not Sims and Campbell's attorney of record when they executed the Rule 11 agreement, the agreement is enforceable against Sims and Campbell because each signed the Rule 11 agreement on his own behalf. *See* TEX. R. CIV. P. 11; *see also Ebner*, 27 S.W.3d at 297 (Rule 11 agreement may be signed by party or party's attorney).

We overrule appellants' first issue.

## C. Did Sims and Campbell raise a fact issue on duress?

In their second issue, Sims and Campbell argue that the trial court erred in granting summary judgment without considering their claim of duress. We construe this as a challenge to the no-evidence summary-judgment motion on their duress defense.

Duress is an affirmative defense. *See* TEX. R. CIV. P. 94. To prove duress, a party must show a threat that rendered him incapable of exercising his free agency and destroyed the power to withhold consent, and that the compulsion was actual

10

and imminent and he had no means of protection. *See Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006).

Here, Guion filed a no-evidence summary-judgment motion in which he asserted that Sims and Campbell could adduce no evidence of any of the elements of duress. Thus, Sims and Campbell bore the burden to adduce evidence raising a genuine issue of material fact as to each of the elements of duress. *See Mack Trucks, Inc.*, 206 S.W.3d at 582; *Hahn*, 321 S.W.3d at 523–24.

Sims and Campbell filed an untimely summary-judgment response, which was struck by the trial court. But even if it had not been struck, Sims and Campbell adduced no evidence related to their claim of duress. Accordingly, we conclude that Sims and Campbell did not raise a fact issue regarding their duress defense, and the trial court was required to grant the no-evidence motion for summary judgment. *See* Tex. R. Civ. P. 166a(i); *Blake v. Intco Inv. of Tex., Inc.*, 123 S.W.3d 521, 525 (Tex. App.—San Antonio 2003, no pet.) (trial court was required to grant no-evidence summary judgment where nonmovant produced no evidence in response).

We overrule appellants' second issue.

**D. Was the summary judgment unconstitutional?**

In their third issue, Sims and Campbell contend that the trial court's summary judgment deprived them of a jury trial on damages and duress, and thus violated the due process clause of the Fourteenth Amendment of the United States Constitution, as well as the Texas Constitution.

To preserve a complaint for appellate review, the record must demonstrate that "the complaint was made to the trial court by a timely request, objection, or motion" with "sufficient specificity to make the trial court aware of the complaint." TEX. R. APP. P. 33.1(a)(1)(A); *see Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993). "As a rule, a claim, including a constitutional claim, must have been asserted in the trial court in order to be raised on appeal." *Dreyer*, 871 S.W.2d at 698.

Here, the record does not demonstrate that Sims and Campbell challenged the constitutionality of the summary judgments in the trial court. Because Sims and Campbell raised this claim for the first time on appeal, we hold that it is not preserved for our review. *See City of San Antonio v. Schautteet*, 706 S.W.2d 103, 104 (Tex. 1986) ("Even constitutional challenges not expressly presented to the trial court by written motion, answer or other response to a motion for summary judgment will not be considered on appeal as grounds for reversal."); *Root v.*

12

*Brodhead*, 854 S.W.2d 706, 710 (Tex. App.—Austin 1993, no writ) (holding complaint that summary judgment was unconstitutional not preserved for appellate review because it was raised for first time on appeal).

We overrule appellants' third issue.

**E. Failure to preserve claim regarding bankruptcy order**

In their fourth issue, Sims and Campbell argue that the trial court should have dismissed the case in light of an order entered in TMS Financial Services, Inc.'s bankruptcy proceeding in Nevada. The order, which was included in appellants' appendix to their appellate brief, requires Sims and Campbell to pay certain sums to the bankruptcy trustee in settlement of certain claims. Sims and Campbell appear to argue that the Nevada order adjudicated the claims at issue in the trial court and that res judicata therefore bars the claims in this case.

Regardless of the merits of this contention, the Nevada bankruptcy order was never before the trial court. It appears nowhere in the appellate record, and there is no indication in the record that it was ever brought to the attention of the trial court. Accordingly, we conclude this complaint was not preserved for review. *See* TEX. R. APP. P. 33.1(a) (to preserve complaint for appellate review, record must show complaint was made to trial court by timely request, objection, or motion and that trial court ruled on request or refused to rule); *see also Till v.*

*Thomas*, 10 S.W.3d 730, 733 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (appellate court must hear and determine a case on the record as filed, and may not consider documents attached as exhibits to briefs).

We overrule appellants' fourth issue.

## Conclusion

We affirm the judgment of the trial court.

Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.